Eddie PEREZ, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–03–331–CR.

Court of Appeals of Texas,
Corpus Christi–Edinburg.

March 4, 2004.

Alfredo Padilla, Brownsville, for Appellant.

Yolanda De Leon, Dist. Atty., Brownsville, for State.

Before Justices HINOJOSA, YAÑEZ, and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant Eddie Perez appeals his conviction for possession of less than one gram of cocaine.[1] Perez pleaded no contest pursuant to an agreement that the State was "not opposed to community supervision" and would "remain silent on [the] issue of deferred." After a pre-sentence investigation following Perez's plea, the trial court sentenced him to two years confinement in the State Jail Division of the Texas Department of Criminal Justice. We conclude that Perez's appeal is frivolous and without merit. We affirm.

### I. BACKGROUND

The trial court has certified that this is not a plea-bargain case, and Perez has the right to appeal. *See* Tex.R.App. P. 25.2(a)(2). Perez's appellate counsel filed a brief in which counsel concludes that the appeal is frivolous. *See Anders v. California,* 386 U.S. 738, 744–45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). Counsel has provided a letter by which he transmitted a copy of the brief to Perez and informed him that: (1) counsel reviewed the record for reversible error; (2) he researched the law applicable to the facts and issues in the appeal; (3) in his opinion, no reversible error appears, and the appeal is without merit; and (4) Perez has the right to review the record and file a pro se brief on his own behalf. *See id.; see also High v. State,* 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978). More than thirty days have passed since the date of counsel's letter. Perez has not filed a pro se brief.

### II. DISPOSITION

#### A. Anders Brief

An *Anders* brief must provide references to both legal precedent and

---

1. *See* Tex. Health & Safety Code Ann. § 481.115(a),(b) (Vernon 2003).

pages in the record to demonstrate why there are no arguable grounds to be advanced. *High,* 573 S.W.2d at 812; *Gearhart v. State,* 122 S.W.3d 459, at 465–467 (Tex.App.-Corpus Christi 2003, no pet. h.). Counsel's brief does not advance any arguable grounds of error, but does contain a professional evaluation of the record demonstrating why there are no arguable grounds to be advanced. *See Currie v. State,* 516 S.W.2d 684, 684 (Tex.Crim.App. 1974); *see also Gearhart,* 122 S.W.3d at 465–467. With relevant citation to legal precedent and the record, counsel concludes that the trial court fulfilled the statutory requirements for admonishments on entry of Perez's no-contest plea to the felony indictment: (1) as to the range of punishment; (2) of the consequences of the plea; and (3) that the trial court did not have to accept any plea bargain. Counsel adds that the trial court thoroughly admonished Perez before the no-contest plea. Counsel also concludes there is no evidence in the record suggesting that Perez was not competent to enter his plea or that the plea was involuntary. Counsel notes that the sentence assessed was within the range allowed by law. He concludes that the trial court did not abuse its discretion when it sentenced Perez to two years confinement in state jail.

■ Arguable grounds of error should be advanced by counsel as required by *Anders,* if there are any. *See Currie,* 516 S.W.2d at 684; *see also Gearhart,* 122 S.W.3d at 466–67. However, we do not interpret *Anders* as requiring appointed counsel to make arguments counsel would not consider worthy of inclusion in a brief for a paying client or to urge reversal if, in fact, counsel finds no arguable issue to appeal. *See Currie,* 516 S.W.2d at 684; *see also Gearhart,* 122 S.W.3d at 466–67. We hold that counsel's brief is not the "conclusory statement" decried by *Anders.*

*See Currie,* 516 S.W.2d at 684; *see also Gearhart,* 122 S.W.3d at 466–67.

### B. Independent Review of the Record

This is an *Anders* case. We independently review the record for error. *See Penson v. Ohio,* 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988); *see also Gearhart,* 122 S.W.3d at 468. The record reflects that the trial court administered the proper admonishments to Perez. Perez stated that he understood the admonishments. He acknowledged that he knowingly and voluntarily entered the no-contest plea. After adjournment for several weeks pending preparation of a presentence investigation report, the following proceedings took place on April 7, 2003:

THE COURT: Mr. Perez, you appeared back on the 17th of March. At that time you entered your plea to the charges of the indictment.

Are you ready at this time, to receive your sentence?

PEREZ: Yes, sir.

THE COURT: Anything further from the State?

[PROSECUTOR]: Nothing further from the State.

THE COURT: Anything further from the defense?

[DEFENSE COUNSEL]: Your Honor, based on the PSI, it calls for probation. He has no prior felonies. And my understanding is, the defendant does have a previous felony conviction out of the state of Florida. He tells me that he has successfully completed his probation in Florida. He figured it wasn't going to affect this case—or effect this case.

THE COURT: Well, it does, doesn't it?

[DEFENSE COUNSEL]: ·Yes, sir.

THE COURT: Mr. Perez, I am not going to allow you to be placed on probation. You've already been through that process once before. You are not going to be allowed to go through that process once again.

I'm going to adjudicate you guilty. I am going to order that you be sentenced to the state jail for a period of two years.

### 1. The Plea Agreement

■ "In a plea bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial; or (B) after getting the trial court's permission to appeal." *See* TEX.R.APP. P. 25.2(a)(2). "The plain import of [former rule 25.2(b)(3) ] is that appeals from plea-bargain cases are limited to the situations set forth in the rule." *Woods v. State,* 108 S.W.3d 314, 315 (Tex.Crim.App.2003).[2] Therefore, before undertaking our independent review of the record, we first determine if the agreement in this case incorporated a "punishment recommended by the prosecutor and agreed to by the defendant." *See* TEX.R.APP. P. 25.2(a)(2).

■ An agreement between the State and an accused may not necessarily include as one of its terms an agreed punishment recommendation. *Shankle v. State,* 119 S.W.3d 808, 813 (Tex.Crim.App.2003); *Ramirez v. State,* 89 S.W.3d 222, 225 n. 4 (Tex.App.-Corpus Christi 2002, no pet.). Any concession by the State in exchange for the accused's plea creates a plea bargain. *Ramirez,* 89 S.W.3d at 225 n. 4.

Only a plea bargain that incorporates an agreed recommendation as to punishment and is accepted by the court, however, triggers restrictions on our review power contained in rule 25.2(a)(2) of the rules of appellate procedure. *Id.; see* TEX.R.APP. P. 25.2(a)(2).

■ The court of criminal appeals has instructed us that there are two main categories of plea bargains that affect punishment: (1) sentence-bargaining; and (2) charge-bargaining. *Shankle,* 119 S.W.3d at 813. A recommendation for deferred-adjudication probation is a form of sentence-bargaining. *Id.* In addition to the sentence-bargaining that occurs in the more familiar form of an agreement to a finite or definite punishment, an agreement to a punishment cap also is an "agreed recommendation as to punishment." *Threadgill v. State,* 120 S.W.3d 871, 872 (Tex.App.-Houston [1st Dist.] 2003, no pet.). Similarly, an agreement to dismiss a pending charge, or not to bring an available charge, is charge-bargaining that effectively puts a cap on punishment at the maximum sentence for the charge that is not dismissed. *Shankle,* 119 S.W.3d at 813.

The record shows that the plea agreement here did not involve any type of sentence-bargaining or charge-bargaining that affected Perez's punishment. *See id.* The State merely agreed not to oppose community supervision and to remain silent on the issue of deferred adjudication. The State did not agree to recommend deferred adjudication, any finite sentence, or a sentencing cap, either in actuality or in practical effect. We conclude that Perez pleaded no contest without the benefit of an agreed sentencing recommendation.

---

**2.** We assume, until directed otherwise by the court of criminal appeals, that the body of case law interpreting appellate rules governing how criminal appeals proceed applies to the current rules.

*See id.; cf. Ditto v. State*, 988 S.W.2d 236, 239 (Tex.Crim.App.1999) ("We hold that a plea agreement in which the State makes no recommendation on probation or does not address it at all, but sets a cap on punishment, is satisfied when the trial court assesses as punishment deferred adjudication probation within the terms of the cap."). We next determine if Perez otherwise waived any issues when he pleaded no contest to the charged offense. *See Jordan v. State*, 112 S.W.3d 345, 347 (Tex.App.-Corpus Christi 2003, no pet.) (citing *Ramirez*, 89 S.W.3d at 228).

### 2. Pre–Sentencing Waiver of the Right to Appeal

■ Our independent review of the record reveals that the clerk's record contains Perez's signed "Written Waiver and Consent to Stipulation of Testimony, Waiver of Jury, and Plea of No Contest." The written waiver contains the following waiver of Perez's right to appeal:

> And I understand that the Court is not bound to accept a plea bargain and if the Court rejects a plea bargain I may withdraw my plea of guilt; HOWEVER, IF the Court does accept my plea bargain, I EXPRESSLY waive all of my rights to appeal.

■ "A valid waiver of appeal, whether negotiated or non-negotiated, will prevent a defendant from appealing without the consent of the trial court." *Monreal v. State*, 99 S.W.3d 615, 622 (Tex.Crim.App. 2003). However, the court of criminal appeals also has held that pre-sentencing waivers of the right to appeal were not "valid" because they could not, as a matter of law, be made knowingly, voluntarily, and intelligently. *Ex parte Thomas*, 545 S.W.2d 469, 470 (Tex.Crim.App.1977). The defendant in *Ex parte Thomas* did not bargain for a sentencing recommendation

from the prosecution in exchange for his waiver of the right to appeal. *Id.*

The defendant in *Monreal* also pleaded guilty without a punishment recommendation. *Monreal*, 99 S.W.3d at 616. However, a jury assessed punishment, and the trial court rendered judgment in accordance with the jury's verdict. *See id.* Then, "for reasons not apparent from the record, [the defendant] signed a waiver of his right to appeal and requested that he be allowed to begin serving his sentence immediately." *See id.* Despite the waiver, however, he later appealed.

The court of criminal appeals distinguished *Ex parte Thomas* in *Blanco v. State*, 18 S.W.3d 218, 220 (Tex.Crim.App. 2000). In *Blanco*, after a jury convicted the defendant but before sentencing, the defendant and the State entered into an agreement by which the State promised to recommend a sixteen-year sentence. *Id.* In exchange, the defendant promised not to appeal his conviction. *Id.* The State held to its bargain, and the trial court followed the recommendation. *Id.* The defendant reneged on the deal when he appealed his conviction. *Id.* Thus, unlike the defendant in *Ex parte Thomas*, the defendant in *Blanco* bargained for a sentencing recommendation in exchange for his waiver of the right to appeal, and the trial court honored the recommendation. *Compare Blanco*, 18 S.W.3d at 220, *with Thomas*, 545 S.W.2d at 470.

The defendants in both *Monreal* and *Blanco* knew at the time they waived their rights to appeal the likely consequences of their waivers; the defendant in *Thomas* did not. *See Tufele v. State*, No. 14–02–01271–CR, 130 S.W.3d 267, 269, 2004 WL 210482, 2004 Tex.App. LEXIS 1042, at *5 (Tex.App.-Houston [14th Dist.] Feb. 4, 2004, no pet. h.) (designated for publication). Here, as in *Ex parte Thomas*, Perez neither waived after sentencing his right

to appeal (as in *Monreal*) nor bargained for a sentencing recommendation in exchange for his waiver (as in *Blanco*). We therefore find Perez's waiver distinguishable from those in *Monreal* and *Blanco*. *See Tufele*, 130 S.W.3d at 270, 2004 Tex. App. LEXIS 1042, at *5; *see also Ex parte Thomas*, 545 S.W.2d at 470.

■ Moreover, the trial court has certified that Perez has the right of appeal, which we note is consistent with a determination that the "boiler-plate" language in Perez's plea papers is not a valid waiver of his right to appeal. *See Alzarka v. State*, 90 S.W.3d 321, 324 (Tex.Crim.App.2002) (finding that record directly contradicted and rebutted any presumption raised by terms of boiler-plate waiver of right to appeal contained in plea papers). Further, the trial court provided a complete record to Perez and appointed appellate counsel for him. "The trial court is in a better position to determine whether the previously executed waiver of appeal was in fact validly executed and if there is any arguable merit in appellant's desire to appeal." *Iles v. State*, 127 S.W.3d 347, 350, 2004 Tex.App. LEXIS 851, at *6 (Tex.App.-Houston [1st Dist.] 2004, no pet. h.) (designated for publication) (quoting *Willis v. State*, 121 S.W.3d 400, 403 (Tex.Crim.App. 2003)).

We conclude that Perez's written waiver of his right to appeal is not valid. *See Smith v. State*, 91 S.W.3d 407, 408–09 (Tex.App.-Texarkana 2002, no pet.) ("In the absence of a plea agreement, and in the absence of anything in the record showing the waiver was signed after sentencing, we are not willing to extend the reasoning of *Blanco* to this situation."). We turn to a discussion of the extent to which Perez's no-contest plea without the benefit of a sentencing recommendation otherwise waived his right to appeal.

### 3. Waiver by No–Contest Plea

#### a. The Effect of a No–Contest Plea

■ The legal effect of a no-contest plea is the same as a guilty plea. *Brewster v. State*, 606 S.W.2d 325, 329 (Tex.Crim. App.1980). However, the defensive posture of the accused is different. *Id.* In a guilty plea, an accused's stance is "I admit my guilt of the accusation." *Id.* In a no-contest plea, the accused's posture is merely, "I will not contest the accusation." *Id.* A plea of no contest provides a means by which a defendant who does not wish to admit the truth of the prosecution's evidence can still waive a trial and be convicted by the court. *Stone v. State*, 919 S.W.2d 424, 426–27 (Tex.Crim.App.1996).

#### b. Scope of Appellate Review Following a No–Contest Plea Entered without the Benefit of a Sentencing Recommendation

■ Because Perez pleaded no contest to the offense, he waived the right to appeal any non-jurisdictional defects, other than the voluntariness of his plea, that occurred before entry of the plea. *See Lewis v. State*, 911 S.W.2d 1, 4–5 (Tex. Crim.App.1995); *see also Broddus v. State*, 693 S.W.2d 459, 460–61 (Tex.Crim.App. 1985). Nonetheless, if the judgment was not rendered independently of error occurring before entry of the plea, Perez may appeal that error. *See Monreal*, 99 S.W.3d at 619; *see also Young v. State*, 8 S.W.3d 656, 666–67 (Tex.Crim.App.2000); *Jordan*, 112 S.W.3d at 347. Therefore, our independent review of the record is limited to: (1) potential jurisdictional defects; (2) the voluntariness of Perez's plea; (3) error that is not independent of and supports the judgment of guilt; and (4) potential error occurring after the guilty plea. *See Hawkins v. State*, 112 S.W.3d 340, 344 (Tex. App.-Corpus Christi 2003, no pet.).

### (1) Jurisdictional Defects

Our review of the record reveals that the trial court had jurisdiction over the case. *See Hawkins,* 112 S.W.3d at 344 (citing TEX.CODE CRIM. PROC. ANN. art. 4.05 (Vernon 2003)). We find no reversible ground of jurisdictional error.

### (2) Voluntariness

■ The record reveals that the trial court properly admonished Perez before he pleaded no contest. The court inquired of both Perez and trial counsel regarding Perez's competency. Trial counsel also certified in writing that Perez was competent. Trial counsel's disclosure of the felony conviction Perez had not revealed during the pre-sentence investigation was permitted by the Texas Disciplinary Rules of Professional Conduct. *See* TEX. DISCIPLINARY R. PROF'L CONDUCT 1.05(c)(8) (lawyer may disclose client's confidential information "[t]o the extent revelation reasonably appears necessary to rectify the consequences of a client's criminal or fraudulent act in the commission of which the lawyer's services had been used."). The record shows that Perez's plea was knowing and voluntary. *See Hawkins,* 112 S.W.3d at 344 (citing *Martinez v. State,* 981 S.W.2d 195, 197 (Tex. Crim.App.1998)). We find no reversible error on voluntariness grounds.

### (3) Error Independent of Conviction

■ A no-contest plea alone, like a plea of guilty, is not sufficient to support a felony conviction under Texas law. *Brewster,* 606 S.W.2d at 329; *see Johnson v. State,* 722 S.W.2d 417, 422 (Tex.Crim.App. 1986). The State still bears the burden of proving the guilt of the defendant by introducing sufficient evidence to support the conviction. TEX.CODE CRIM. PROC. ANN. art. 1.15 (Vernon 2003).

Our independent review of the record reveals that included within or attached to Perez's written waiver and stipulation are: (1) Perez's judicial confession in the form of his stipulation to the facts and evidence; (2) an offense report detailing the arresting officer's discovery of a clear plastic baggie containing a white, powdery substance during a search of Perez's pants pocket incident to his arrest for public intoxication; and (3) a laboratory analysis showing the net weight of the substance to be .05 grams and its composition as containing cocaine. The record reflects that Perez filed a motion to suppress this evidence but does not indicate that the trial court either expressly or impliedly ruled on the motion. *See* TEX.R.APP. P. 33.1(a); *see also Gutierrez v. State,* 36 S.W.3d 509, 511 (Tex.Crim.App.2001). Accordingly, Perez waived any complaint on appeal that his conviction was not rendered independent of, and was supported by, any arguable error regarding admission of the evidence. *See* TEX.R.APP. P. 33.1(a); *see also Young,* 8 S.W.3d at 667; *Jordan,* 112 S.W.3d at 347. We find no arguable error in the evidentiary support for the judgment of conviction.

### (4) Sentencing Error

■ A sentence outside the maximum or minimum range of punishment is unauthorized by law and therefore illegal. *Mizell v. State,* 119 S.W.3d 804, 806 (Tex. Crim.App.2003). Unlike most trial errors, which are forfeited if not timely asserted, a party is not required to make a contemporaneous objection to the imposition of an illegal sentence. *Id.* at 806 n. 6. Here, however, the sentence assessed by the trial court was within the statutorily permissible range and, as discussed above, was based on admissible evidence introduced at the plea proceeding. *See Hawkins,* 112 S.W.3d at 345 (citing *Jordan v. State,* 495 S.W.2d 949, 952 (Tex.Crim.App.1973)).

Perez did not object at sentencing on any basis, including abuse of discretion. We find he waived any challenge to the sentence imposed. *See Hawkins,* 112 S.W.3d at 344–45 (citing *Rhoades v. State,* 934 S.W.2d 113, 120 (Tex.Crim.App.1996)). We find no arguable error in the sentencing proceeding.

### C.  Conclusion

Accordingly, our independent review of the record confirms that Perez's appeal is frivolous. We conclude that this appeal is without merit. We affirm the judgment and sentence of the trial court.

### D.  Motion to Withdraw

■ An appellate court may grant counsel's motion to withdraw filed in connection with an *Anders* brief. *Moore v. State,* 466 S.W.2d 289, 291 n. 1 (Tex.Crim. App.1971); *see Stafford v. State,* 813 S.W.2d 503, 511 (Tex.Crim.App.1991) (noting that *Anders* brief should be filed with request for withdrawal from case). Counsel has not requested to withdraw from further representation of Perez on this appeal. We order counsel to advise Perez promptly of the disposition of this case and the availability of discretionary review. *See Ex parte Wilson,* 956 S.W.2d 25, 27 (Tex.Crim.App.1997). We further order counsel to file any motion to withdraw within fifteen days of the date of this opinion.