NUMBER 13-03-305-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





BILLY JACK JOHNSON,                                                    Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.




On appeal from the 138th District Court
of Cameron County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo

Opinion by Justice Castillo

         Appellant Billy Jack Johnson appeals revocation of his community supervision. 
On June 25, 2001, after agreement with the State that the prosecution would dismiss
one count of the indictment and its punishment enhancement allegations, Johnson
pleaded guilty to credit card abuse.


 The trial court assessed punishment at two years
confinement in a state jail facility, suspended imposition of the sentence, and placed
Johnson on regular community supervision for five years. On February 12, 2003, the
State filed a motion to revoke. Johnson pleaded true to allegations that he failed to: 
(1) report; (2) make court-ordered payments toward his fine, fees, and costs; and
(3) perform community service, all as specified in the motion to revoke. Following an
evidentiary hearing, the trial court revoked Johnson's community supervision and
imposed its two-year sentence to a state jail facility. We conclude that Johnson's
appeal is frivolous and without merit. We affirm. 
I. BACKGROUND
         The trial court has certified that this is not a plea-bargain case, and Johnson has
the right to appeal. See Tex. R. App. P. 25.2(a)(2). Johnson's court-appointed counsel
filed a brief in which he concludes that the appeal is frivolous. See Anders v.
California, 386 U.S. 738, 744-45 (1967). Counsel has certified that: (1) he diligently
reviewed the entire appellate record in the case; (2) he researched the law applicable
to the facts and issues in the appellate record; (3) in his opinion, the appeal is frivolous
because the record reflects no reversible error; (4) he served a copy of the brief on
Johnson; and (5) he informed Johnson by accompanying letter of counsel's opinion
that the appeal is without merit and that Johnson has the right to review the record
and file a pro se brief. See id.; see also High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op.] 1978). More than thirty days have passed since the date of
counsel's letter. Johnson has not requested the record or filed a pro se brief. 
II. DISPOSITION
A. Anders Brief
          An Anders brief must provide references to both legal precedent and pages in
the record to demonstrate why there are no arguable grounds to be advanced. High,
573 S.W.2d at 812; Gearhart v. State, 122 S.W.3d 459, 464 (Tex. App.–Corpus
Christi 2003, pet. dism'd). Counsel's brief does not advance any arguable grounds
of error, but does contain a professional evaluation of the record demonstrating
why there are no arguable grounds to be advanced. See Currie v. State,
516 S.W.2d 684, 684 (Tex. Crim. App. 1974); see also Gearhart, 122 S.W.3d
at 464. With relevant citation to legal precedent and the record, counsel concludes
that the trial court fulfilled the statutory requirements for admonishments on entry of
Johnson's plea of true to the State's allegations. Counsel notes that the sentence
assessed was within the range allowed by law. He adds that Johnson readily admitted
he had not complied with the court's conditions of community supervision. Counsel
concludes that the trial court did not abuse its discretion when it revoked Johnson's
community supervision and sentenced him to two years confinement in a state jail
facility. 
         Arguable grounds of error should be advanced by counsel as required by Anders,
if there are any. See Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d
at 464. However, we do not interpret Anders as requiring appointed counsel to
make arguments counsel would not consider worthy of inclusion in a brief for a paying
client or to urge reversal if, in fact, counsel finds no arguable issue to appeal. See
Currie, 516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. We hold that
counsel's brief is not the "conclusory statement" decried by Anders. See Currie,
516 S.W.2d at 684; see also Gearhart, 122 S.W.3d at 464. 
B. Independent Review of the Record
         As this is an Anders case, we independently review the record for error. See
Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Gearhart, 122 S.W.3d at 464;
Hawkins v. State, 112 S.W.3d 340, 344 (Tex. App.–Corpus Christi 2003, no pet.). 
The State's motion to revoke alleged that Johnson violated numerous terms and
conditions of his community supervision, including failing to report; failing to pay the
fine, fees, and costs assessed by the court; and failing to perform community service. 
Johnson pleaded true to the allegations. This plea of true alone supports revocation
of his community supervision. See Hawkins, 112 S.W.3d at 344 (citing Cole v.
State, 578 S.W.2d 127, 128 (Tex. Crim. App. [Panel Op.] 1979)). 
         Our review of the record reveals no jurisdictional defects in the revocation
proceedings. The indictment conferred jurisdiction on the trial court and provided
Johnson with sufficient notice. See Hawkins, 112 S.W.3d at 344 (citing Tex. Const.
art. V, § 12; Tex. Code Crim. Proc. Ann. art. 4.05 (Vernon Supp. 2004)). Further, the
motion to revoke provided Johnson with sufficient notice of the violations alleged by
the State and also satisfied the requisites of due process. See Hawkins, 112 S.W.3d
at 344 (citing Whisenant v. State, 557 S.W.2d 102, 105 (Tex. Crim. App. 1977)). 
Finally, the record reveals that the trial court properly admonished Johnson before he
pleaded true and that his plea of true was knowing and voluntary. See Hawkins,
112 S.W.3d at 344 (citing Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim.
App. 1998)). 
         We note that a sentence outside the maximum or minimum range
of punishment is unauthorized by law and therefore illegal. Perez v. State,
129 S.W.3d 282, 289 (Tex. App.–Corpus Christi 2004, no pet. h.) (citing Mizell v.
State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)). Unlike most trial errors, which
are forfeited if not timely asserted, a party is not required to make a contemporaneous
objection to the imposition of an illegal sentence. Perez, 129 S.W.3d at 289 (citing
Mizell, 119 S.W.3d at 806 n.6). Here, however, the sentence assessed by the trial
court was within the statutorily permissible range.


 Perez, 129 S.W.3d at 289 (citing
Jordan v. State, 495 S.W.2d 949, 952 (Tex. Crim. App. 1973); Hawkins,
112 S.W.3d at 345)). Johnson did not object at sentencing following the revocation
on any basis, including abuse of discretion. "Our law is well-established that almost
every right, constitutional and statutory, may be waived by the failure to object." 
Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.–Corpus Christi 1989, pet. ref'd). 
Given that the sentence was not illegal, we find that Johnson waived at trial any
challenge to the sentence imposed. See Hawkins, 112 S.W.3d at 344-45 (citing
Rhoades v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)). Further, in addition
to being within the statutorily permissible range, the sentence assessed was based on
admissible evidence introduced at the revocation proceeding. We find no reversible
error. See Hawkins, 112 S.W.3d at 344 (citing Jordan, 495 S.W.2d at 952). 
C. Conclusion
         Accordingly, our independent review of the record confirms that Johnson's
appeal is frivolous. We conclude that Johnson's appeal is without merit. We affirm
the judgment of the trial court. 
D. Motion to Withdraw
         An appellate court may grant counsel's motion to withdraw filed in connection
with an Anders brief. Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim.
App. 1971); see Stafford v. State, 813 S.W.2d 503, 511 (Tex. Crim. App.1991) 
(noting that Anders brief should be filed with request for withdrawal from case). 
Counsel has not requested to withdraw from further representation of Johnson on
appeal. If counsel wishes to file a motion to withdraw, he must file the motion no
later than fifteen days from the date of this opinion. 
         We order counsel to advise Johnson promptly of the disposition of this case and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam). 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice
Do not publish. 
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 17th day of June, 2004.