NUMBER 13-03-489-CR

COURT OF APPEALS
 
THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG





JEFFREY MARTIN LANDRY,                                                     Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.




On appeal from the 24th District Court
of Victoria County, Texas.




MEMORANDUM OPINION

Before Justices Hinojosa, Yañez, and Castillo



Memorandum Opinion by Justice Castillo

         Appellant Jeffrey Martin Landry appeals his conviction and sentence for
possession of more than five but less than fifty pounds of marihuana, a third-degree
felony.


 Without the benefit of an agreed punishment recommendation, Landry
pleaded guilty to the charge. The trial court sentenced him to seven years
confinement in the Institutional Division of the Texas Department of Criminal Justice
and imposed a $3,000 fine. In two issues, Landry contends: (1) his trial counsel was
ineffective in not pursuing a pre-trial motion to suppress; and (2) the trial court abused
its discretion in sentencing Landry in that the sentence is cruel and unusual
punishment. We affirm. 
I. BACKGROUND
         This is not a plea-bargain case. That is, it is not "a case in which a defendant's
plea was guilty or nolo contendere and the punishment did not exceed the punishment
recommended by the prosecutor and agreed to by the defendant." See Tex. R. App.
P. 25.2(a)(2). The trial court has certified that Landry has the right of appeal. The
record reflects that the trial court administered the proper admonishments to Landry. 
Landry stated that he understood the admonishments. He acknowledged that he
knowingly and voluntarily entered the guilty plea. After being admonished in open
court about his privilege against self-incrimination, Landry took the stand during the
punishment phase and testified on his own behalf. Thus, we first determine if Landry
waived any issues when he pleaded guilty to the charged offense. Perez v. State,
129 S.W.3d 282, 288 (Tex. App.–Corpus Christi 2004, no pet. h.). We next
determine if Landry is estopped from asserting any issues when he testified in his own
behalf. See Nunez v. State, 117 S.W.3d 309, 320 (Tex. App.–Corpus Christi 2003,
no pet.) (citing De Garmo v. State, 691 S.W.2d 657, 660-61 (Tex. Crim. App. 1985)
(defendant who admitted at punishment phase to committing charged murder may not
bring sufficiency challenge on appeal)). 
 II. WHAT LANDRY MAY APPEAL
A. Scope of Appellate Review Following a Guilty Plea
Entered without the Benefit of a Sentencing Recommendation

         Because Landry pleaded guilty without the benefit of a sentencing
recommendation, he waived the right to appeal any non-jurisdictional defects, other
than the voluntariness of his plea, that occurred before entry of the plea.  See Perez,
129 S.W.3d at 288 (citing Lewis v. State, 911 S.W.2d 1, 4-5 (Tex. Crim. App. 1995);
Broddus v. State, 693 S.W.2d 459, 460-61 (Tex. Crim. App. 1985)). Nonetheless,
if the judgment was not rendered independently of error occurring before entry of the
plea, Landry may appeal that error. See Perez, 129 S.W.3d at 288 (citing Monreal v.
State, 99 S.W.3d 615, 619 (Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000); Jordan v. State, 112 S.W.3d 345, 347 (Tex.
App.–Corpus Christi 2003, pet. ref'd)). Therefore, in this appeal Landry has the right
to raise: (1) jurisdictional defects; (2) the voluntariness of his plea; (3) error that is not
independent of and supports the judgment of guilt; and (4) error occurring after the
guilty plea.  See Perez, 129 S.W.3d at 289 (citing Hawkins v. State, 112 S.W.3d 340,
344 (Tex. App.–Corpus Christi 2003, no pet.)). Landry does not challenge the trial
court's jurisdiction, nor does he claim his plea was involuntary. 
 B. Estoppel by Testimony
         Landry testified during the punishment phase and admitted he had been
speeding through Victoria County when he was stopped by a state trooper. He
confessed he was in possession of over forty pounds of marihuana at the time,
explaining that he needed the money he would make by transporting the marihuana to
Houston to fund his cocaine addiction. As a consequence, Landry is estopped from
raising any challenge to the sufficiency of the evidence to sustain his conviction,
since he admitted his culpability at the punishment phase. See Nunez, 117 S.W.3d
at 320. However, Landry is not estopped by his testimony from raising an ineffective-assistance-of-counsel claim or challenging the trial court's sentence. See id. at 321
(citing Leday v. State, 983 S.W.2d 713, 725-26 (Tex. Crim. App. 1998) (holding that
De Garmo applies to waiver of sufficiency challenge but cannot be used to find waiver
of exclusionary rule); Reyes v. State, 994 S.W.2d 151, 153 (Tex. Crim. App. 1999)
(holding that defendant's admission of guilt at punishment phase waives sufficiency
challenge but does not waive appellate review of alleged violation of right to have guilt
assessed by twelve-person jury)). 
 

III. ANALYSIS
A. Error Not Independent of Conviction
         Ineffective assistance of counsel may or may not have a direct nexus with the
defendant's guilt or innocence. Jordan, 112 S.W.3d at 347. Therefore, we must
determine if the judgment of guilt was rendered independent of, and is not supported
by, any ineffectiveness of trial counsel in not pursuing a ruling on Landry's pre-trial
motion to suppress. See id. (citing Young, 8 S.W.3d at 667). 
         A claim of ineffective assistance of counsel must be firmly supported in
the record. McFarland v. State, 928 S.W.2d 482, 500 (Tex. Crim. App. 1996). 
When determining the validity of a defendant's claim of ineffective assistance
of counsel, we must be highly deferential to trial counsel and avoid the
deleterious effects of hindsight. Ingham v. State, 679 S.W.2d 503, 509 (Tex. Crim.
App. 1984). We presume counsel's performance was the result of sound or
reasonable trial strategy. Strickland v. Washington, 466 U.S. 668, 689 (1984);
Stafford v. State, 813 S.W.2d 503, 506 (Tex. Crim. App. 1991). We note that
Landry sought community supervision from the trial court. Counsel's trial strategy
may have been that Landry was more likely to be successful with regard to sentencing
if he did not challenge his arrest and search. We also note that Landry admitted when
he testified that he was speeding before the trooper stopped him. Trial counsel may
have concluded that the motion to suppress would not have been successful. In any
event, the record is devoid of any evidence that Landry would have pleaded not guilty
had it not been for his counsel's alleged ineffectiveness. See Martinez v. State,
109 S.W.3d 800, 803 (Tex. App.–Corpus Christi 2003, pet. ref'd). Therefore, we hold
that the judgment of the trial court was rendered independent of, and is not supported
by, the ineffective assistance of counsel alleged by Landry. See id. (citing Young,
8 S.W.3d at 666-67). We overrule Landry's first issue. 
                                            B. Sentencing Error
         Landry did not object at sentencing on the cruel-and-unusual or abuse-of-discretion grounds he raises on appeal with regard to his sentence. "Our law is
well-established that almost every right, constitutional and statutory, may be waived
by the failure to object." Quintana v. State, 777 S.W.2d 474, 479 (Tex. App.–Corpus
Christi 1989, pet. ref'd). We hold that Landry waived at trial his challenges on appeal
to the sentence imposed.


 See Hawkins, 112 S.W.3d at 344-45 (citing Rhoades v.
State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996)). We overrule Landry's second
issue. 
 IV. CONCLUSION
         Having overruled both of Landry's issues on appeal, we affirm the judgment and
sentence of the trial court. 
 
                                                                        ERRLINDA CASTILLO
                                                                        Justice


Do Not Publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 24th day of June, 2004.