NUMBER 13-03-007-CR
COURT OF APPEALS
THIRTEENTH DISTRICT OF TEXAS
CORPUS CHRISTI – EDINBURG

 
JESUS GUADALUPE TREVINO,                                                 Appellant,
v.
THE STATE OF TEXAS,                                                                Appellee.



On appeal from the 105th District Court
of Kleberg County, Texas.




M E M O R A N D U M O P I N I O N

     Before Chief Justice Valdez and Justices Hinojosa and Castillo

Opinion by Chief Justice Valdez
          Appellant, Jesus Guadalupe Trevino, pled guilty to unauthorized use of a motor
vehicle. The trial court found appellant guilty and sentenced him to two years
confinement in a state jail facility. This appeal is from that conviction and sentence.


 
We conclude the appeal is frivolous and without merit and affirm the judgment of the
trial court. 
I. FACTS
         As this is a memorandum opinion and the parties are familiar with the facts, we
will not recite them here except as necessary to advise the parties of the Court’s
decision and the basic reasons for it. See Tex. R. App. P. 47.4.
II. ANDERS BRIEF
         On January 22, 2003, appellant’s appellate counsel filed a brief with this Court
in which he concluded, after careful investigation, the appeal is frivolous and without
merit. See Anders v. California, 386 U.S. 738, 744 (1967). The brief presents a
professional evaluation showing why there is no basis to advance an appeal. See
Stafford v. State, 813 S.W.2d 503, 509-10, 510 n.3 (Tex. Crim. App. 1991). 
Although counsel states appellant could possibly argue on appeal that the trial court
abused its discretion in denying his application for community supervision, with
citation to relevant legal authority and the record, counsel professionally evaluates the
evidence presented and concludes he cannot in good faith raise the issue. We
conclude counsel’s brief meets the requirements of Anders. See Anders, 386 U.S. at
744-45; High v. State, 573 S.W.2d 807, 812-13 (Tex. Crim. App. [Panel Op.] 1978).
         However, counsel’s brief did not show that counsel had informed appellant that
he had the right to: (1) file a pro se brief and (2) review the record to determine what
points to raise in a pro se brief. See McMahon v. State, 529 S.W.2d 771, 772 (Tex.
Crim. App. 1975); Johnson v. State, 885 S.W.2d 641, 646 (Tex. App.–Waco 1994,
pet. ref’d) (per curiam). On June 28, 2004, we abated this appeal to allow counsel
to notify appellant of his right to review the record and file a pro se brief and to allow
appellant an opportunity to file a pro se brief if he so desired. We also ordered counsel
to provide this Court with a copy of his notification to appellant. On July 1, 2004,
counsel filed a copy of his letter to appellant complying with our order. Appellant has
not filed a pro se brief. 
III. INDEPENDENT REVIEW
          Upon receiving an Anders brief, we must conduct a full examination of all the
proceedings to determine whether the case is wholly frivolous. Penson v. Ohio, 488
U.S. 75, 80 (1988); Ybarra v. State, 93 S.W.3d 922, 926 (Tex. App.–Corpus Christi
2002, no pet.). The record shows that appellant pled guilty without the benefit of a
plea-bargain agreement. The record also contains "Defendant's Waiver of Rights"
signed by appellant. This written waiver contains the following paragraph initialed by
appellant:
Waiver of Appeal: I understand that, whether I plead guilty or nolo
contendere with or without a plea bargain agreement, I may have a
limited right to appeal. I hereby waive any right of appeal that I may
have to the judgment of the Court.

         Appellant did not waive his right to appeal after sentencing, nor did he bargain
for a sentencing recommendation in exchange for the waiver. See Ex parte Thomas,
545 S.W.2d 469, 470 (Tex. Crim. App. 1977) (pre-sentencing waiver of right of
appeal invalid because it could not be made knowingly, voluntarily, or intelligently). 
Moreover, the trial court certified that appellant has the right of appeal, which is
consistent with a determination that the "boiler-plate" language in appellant's plea
papers is not a valid waiver of his right of appeal. The trial court also appointed
appellate counsel and ordered the reporter to prepare the record at no cost to
appellant. Accordingly, we conclude appellant's written waiver of his right to appeal
is not valid. See Perez v. State, 129 S.W.3d 282, 287-88 (Tex. App.–Corpus Christi
2004, no pet.) (finding waiver of right to appeal invalid where appellant did not waive
after sentencing or bargain for sentence recommendation and trial court certified
appellant had right of appeal, appointed appellate counsel, and provided appellant with
copy of record). 
         Because appellant pleaded not guilty to the offense, he waived his right to
appeal any nonjurisdictional error, other than the voluntariness of his plea, that
occurred before entry of the plea where the judgment of guilt was rendered
independent of, and is not supported by, the error. Young v. State, 8 S.W.3d 656,
667 (Tex. Crim. App. 2000). Thus, our independent review of the record is limited to:
(1) potential jurisdictional defects; (2) the voluntariness of appellant's plea; (3) error
that is not independent of and supports the judgment of guilty; and (4) potential error
occurring after the guilty plea. Perez, 129 S.W.3d at 288.
         The record shows no arguable errors falling within any of these four categories. 
First, the trial court had jurisdiction over this case. See Tex. Code Crim. Proc. Ann.
§ 4.05 (Vernon 2003). Second, appellant’s plea was knowingly and voluntarily made. 
The trial court properly admonished appellant before he pleaded guilty, emphasized the
risk involved in pleading guilty without the benefit of a plea-bargain agreement, and
inquired repeatedly into the voluntariness of the plea before accepting appellant’s plea. 
Appellant testified the plea was voluntarily made. Third, the judgment was entered
independently of any error occurring before the entry of the plea. The State introduced
sufficient evidence to support the conviction, including appellant’s judicial confession
and a police report. Fourth, we found no appealable error occurring after the entry of
the plea. Appellant’s sentence was within the range authorized by law for the offense
of unauthorized use of a motor vehicle. See Tex. Pen. Code Ann. § 31.07(b) (Vernon
2003) (unauthorized use of motor vehicle is state jail felony), § 12.35(a) (Vernon
2003) (range of punishment for state jail felony is 180 days to two years
confinement). Appellant waived any other challenge to his sentence by failing to
object to his sentence in the trial court. See Rhoades v. State, 934 S.W.2d 113, 120
(Tex. Crim. App. 1996); Perez, 129 S.W.3d at 290.
         We have reviewed the entire record and find that the appeal is wholly frivolous. 
See Stafford, 813 S.W.2d at 50. Accordingly, we affirm the judgment of the trial
court.
IV. MOTION TO WITHDRAW
         In his Anders brief, counsel requests leave to withdraw from further
representation of appellant on this appeal. We grant counsel’s motion to withdraw. 
Moore v. State, 466 S.W.2d 289, 291 n.1 (Tex. Crim. App. 1971); see Stafford, 813
S.W.2d at 511 (noting that Anders brief should be filed with request for withdrawal
from case). We order counsel to notify appellant of the disposition of his appeal and
the availability of discretionary review. See Ex parte Wilson, 956 S.W.2d 25, 27 (Tex.
Crim. App. 1997) (per curiam). 
                                                                                                             

                                                                                                                   
                                                                        Rogelio Valdez,
                                                                        Chief Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed
this 7th day of October, 2004.