NUMBER 13-04-391-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG
__________________________________________________________________

DELFINO ZARAGOZA, JR.,                                                Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.
__________________________________________________________________

On appeal from the 28th District Court of Nueces County, Texas.
__________________________________________________________________

MEMORANDUM OPINION

Before Justices Hinojosa, Rodriguez, and Castillo
Memorandum Opinion Per Curiam


         Appellant, Delfino Zaragoza, attempts to appeal a conviction for indecency with
a child and aggravated sexual assault of a child. The trial court’s certification shows
that appellant has waived his right to appeal, and accordingly, we dismiss the appeal. 
See Tex. R. App. P. 25.2(d).
         Appellant was indicted on two counts of indecency with a child and two counts
of aggravated sexual assault of a child. Appellant pleaded not guilty and was tried by
a jury. On April 26, 2004, the day of trial, the trial court entered a certification of
appellant’s right to appeal reflecting that the case was not a plea-bargain case and
appellant had the right to appeal. See id. at 25.2(a)(2). 
         On April 30, 2004, the jury found appellant guilty of both counts of indecency
and the first count of aggravated sexual assault. Appellant initially elected to have the
jury assess punishment. However, following the State’s opening statement, the
parties conferred, and appellant instead elected to have the trial court assess
punishment. According to the court’s admonishments, initialed by appellant, and
appellant’s motion for new trial, appellant entered into a plea bargain waiving appeal
after he was found guilty. According to the reporter’s record of the sentencing
hearing, appellant entered into an agreement with the State whereby the State would
recommend that appellant be sentenced to fifteen years of imprisonment and appellant
would, “as part and parcel of the plea agreement,” waive “any and all” right of appeal. 
         The record contains a sworn written waiver of appellant’s right to appeal signed
by appellant and his counsel. Further, appellant signed and initialed the court’s
admonishments indicating that “I have decided that if the Court fully accepts the plea
bargain agreement in my case, I will waive or give up any right of appeal that I may
have.” Counsel certified that he had explained the admonishments and his waiver of
rights to appellant, stating that that appellant “understands that if the Court accepts
the plea bargain agreement, he. . . will waive his. . . right to appeal.” The trial court
entered an order approving appellant’s waiver of rights as voluntarily and knowingly
made. 
         After hearing evidence and argument, the trial court assessed punishment in
accordance with the agreement at fifteen years of confinement in the Institutional
Division of the Texas Department of Criminal Justice. 
         On May 3, 2004, the trial court entered a new certification of the right to
appeal, indicating that “the defendant has waived the right of appeal.” Appellant
initialed the language on the certification form showing that he had waived the right
to appeal and signed the certification. Thereafter, on May 25, 2004, appellant filed
a motion for new trial, and on July 26, 2004, filed a notice of appeal. 
         On August 3, 2004, this Court notified appellant's counsel that the trial court's
certification showed no right to appeal and ordered counsel to: (1) review the record;
(2) determine whether appellant has a right to appeal; and (3) forward to this Court,
by letter, counsel's findings as to whether appellant has a right to appeal, or,
alternatively, advise this Court as to the existence of any amended certification.
         On September 3, 2004, counsel filed a motion to abate the appeal and to
compel the trial court to amend the trial court’s certification of the appellant’s right to
appeal. Counsel contends that appellant’s waiver of the right to appeal did not
preclude an appeal of the jury’s finding of guilt or an appeal of motions filed and ruled
on prior to trial. Counsel further argues that the State is estopped to contend that
appellant has waived his rights to appeal by failing to object to appellant’s motion for
new trial and notice of appeal. 
         On September 10, 2004, the State filed a motion to dismiss and response to
appellant’s motion to abate. According to the State, appellant validly waived any right
to appeal. 
         After review, we conclude that appellant has failed to establish either that the
certification currently on file with this Court is incorrect or that appellant otherwise has
a right to appeal. A valid waiver of appeal, whether negotiated or non-negotiated, will
prevent a defendant from appealing without the consent of the trial court. See Tex.
R. App. P. 25.2(a)(2); Monreal v. State, 99 S.W.3d 615, 622 (Tex. Crim. App. 2003);
see also Blanco v. State, 18 S.W.3d 218, 220 (Tex. Crim. App. 2000). Although
pre-sentencing waivers of the right to appeal may be held invalid where they are not,
as a matter of law, made knowingly, voluntarily, and intelligently, see Ex parte
Thomas, 545 S.W.2d 469, 470 (Tex. Crim. App. 1977), a pre-sentencing waiver of
the right to appeal may be valid where the appellant bargains for a sentencing
recommendation in exchange for his waiver of the right to appeal, and the trial court
honors the recommendation, see Blanco, 18 S.W.3d at 220. Perez v. State, 129
S.W.3d 282, 287-288 (Tex. App.–Corpus Christi 2004, no pet.). In the instant case,
the record is abundantly clear that appellant knew, at the time he waived his rights to
appeal, the likely consequences of his waiver. Accordingly, we conclude that
appellant’s waiver of the right to appeal is valid. 
         Counsel for appellant contends that the State is estopped to dispute appellant’s
right to appeal because the State failed to object when appellant filed a motion for new
trial and notice of appeal. Appellant cites no authority for this proposition, and we find
none. Appellant executed a valid waiver of the right to appeal, and under these
circumstances, the State cannot, by action or inaction, confer a right to appeal where
none exists.
         The Texas Rules of Appellate Procedure provide that an appeal must be
dismissed if the trial court's certification does not show that the defendant has the
right of appeal. Tex. R. App. P. 25.2(d); see Tex. R. App. P. 37.1, 44.3, 44.4. 
Accordingly, we deny appellant’s motion to abate the appeal and to compel the trial
court to amend the certification. We grant the State’s motion to dismiss this appeal. 
         The appeal is DISMISSED. Any other pending motions are denied as moot.
 

                                                      PER CURIAM

Do not publish. Tex. R. App. P. 47.2(b).
Memorandum Opinion delivered and filed this
the 5th day of May, 2005.