NUMBER 13-03-624-CR

 

                         COURT OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG  

 

ANGELA HOLDEN,                                                                         Appellant,

 

v.

 

THE STATE OF TEXAS,                                                                 Appellee.

 

 

          On
appeal from the 176th District Court of Harris County, Texas.

 

 

                                MEMORANDUM
OPINION

 

                         Before
Justices Hinojosa, Yañez, and Garza

                            Memorandum
Opinion by Justice Yañez

 

On June 2, 2003, appellant, Angela Holden, without
an agreed punishment recommendation, pleaded nolo contendere to theft by a
public servant.[1]  The trial court assessed her punishment at
seven years= imprisonment in the Texas Department of Criminal
JusticeBInstitutional Division and ordered restitution of
$74,732.95. 








The record contains the trial court=s certification that this is not a plea-bargain
case, and the defendant has a right to appeal.[2]


In three issues appellant contends (1) her trial
counsel was ineffective, (2) the trial court erred in denying her motion for
new trial, and (3) the trial court=s final judgment incorrectly reflects that she was
convicted of a first degree felony rather than a second degree felony.  We modify the trial court=s judgment and affirm it as modified.[3]            

Background

Appellant was indicted on one count of theft by a
public servant as a result of accounting irregularities that were discovered
during an audit of a Harris County Constable=s
office.  Appellant was employed as the
chief clerk and was responsible for the office=s
finances, including issuing payroll checks and collecting and paying monies
relating to accounts payable and accounts receivable.  The audit revealed that several hundred
duplicate hours worked had been reported by appellant and other employees and
contractors related to appellant. 
According to the audit, appellant had been overpaid by $79,000 or
$89,000, in addition to benefits.  The
audit also revealed that temporary employees had been overpaid commissions of
approximately $4,000.  

Ineffective Assistance of Counsel








By appellant=s first issue, she contends her trial counsel was
ineffective because he (1) failed to advise her that lack of intent was a
defense to the charge, and (2) failed to inform her that she should not deny
guilt during a pre-sentence investigation. 
Appellant further argues that her counsel=s
ineffectiveness caused her to involuntarily enter a plea of nolo contendere.  As a preliminary matter, we must address
whether appellant waived this issue when she pleaded nolo contendere.

A valid plea of guilty or nolo contendere
"waives" or forfeits the right to appeal a claim of error only when
the judgment of guilt was rendered independent of, and is not supported by, the
error.[4]  A claim of ineffective assistance may or may
not have a direct nexus with a defendant's guilt or innocence.[5]  Here, the record includes a pre-sentence
report, in which appellant stated that she did not intend to commit the
theft.  In her motion for new trial,
appellant claimed her counsel was ineffective for failing to advise her that
lack of intent was a defense to the theft charge.  In the motion, she asserts that but for her
counsel=s ineffectiveness, she would not have pleaded nolo
and instead, would have proceeded to trial. 
We conclude that in these circumstances, the judgment was not rendered
independent of appellant=s allegations of ineffectiveness.[6]     

A defendant's election to plead guilty or nolo
contendere when based upon erroneous advice of counsel is not done voluntarily
and knowingly.[7]  When the plea is not voluntarily given, the waiver
rule does not apply.[8]  Here, appellant claims she did not enter her
plea voluntarily because it was based on the erroneous advice of counsel.  Accordingly, we conclude appellant has not
waived her complaints regarding the voluntariness of her plea allegedly caused
by her counsel=s ineffectiveness.[9]








The standard for reviewing claims of ineffective
assistance of counsel is set forth in Strickland v. Washington.[10]  If a guilty plea is entered on the advice of
counsel, that counsel must be competent and render effective assistance.[11]  When a defendant challenges the voluntariness
of a plea entered on the advice of counsel, contending that his counsel was
ineffective, "the voluntariness of the plea depends on (1) whether
counsel's advice was within the range of competence demanded of attorneys in
criminal cases and if not, (2) whether there is a reasonable probability that,
but for counsel's errors, he would not have pleaded guilty and would have
insisted on going to trial."[12]


No plea of guilty or plea of nolo contendere shall
be accepted by a trial court unless it appears that the defendant is mentally
competent and the plea is free and voluntary.[13]  When we review the voluntariness of a plea,
we examine the record as a whole and determine whether the plea was entered
voluntarily based on the totality of the circumstances.[14]
                                                      








When the record shows that the trial court gave an
admonishment, there is a prima facie showing of a knowing and voluntary plea.[15]  The burden then shifts to the defendant to
show that he pleaded without understanding the consequences of his plea and,
consequently, suffered harm.[16]  Once a defendant has pleaded and attested to
the voluntary nature of his plea, he bears a heavy burden at a subsequent hearing
to demonstrate a lack of voluntariness.[17]
     

       After
appellant was sentenced by the trial court, she retained new counsel, Mr.
Schaffer, for post-trial proceedings related to her conviction.   On September 26, 2003 Mr. Shaffer filed a
motion for new trial on appellant=s behalf, alleging ineffective assistance of her
previous trial counsel, Mr. Williams, who had advised appellant up to and
shortly after her plea.  Attached to the
motion was an affidavit from appellant. 
In response to the allegation of ineffectiveness, Mr. Williams filed a
reply along with an affidavit that provided his account regarding his
representation of appellant.  

The record shows that after appellant entered her
plea of nolo contendere, the court deferred sentencing pending a pre-sentence
investigation report, which was subsequently considered by the court in
assessing her punishment.  Part of the
investigation required appellant to submit a statement to an investigator
regarding her account of the factual circumstances giving rise to the charge.  In her statement, appellant claimed she had
never intended to commit theft but that she accepted responsibility for her
mistakes.  








On appeal, appellant claims that prior to submitting
her statement, Mr. Williams should have advised her that in her statement, she
should fully accept responsibility for the allegations of theft.  As a result of counsel=s alleged failure, appellant argues that her
statement resulted in her receiving a longer sentence than she would have
otherwise received had she been properly advised.           

In response to appellant=s allegations of ineffectiveness, Mr. Williams
stated in his affidavit, in relevant part

Ms. Holden . . . state[d] that she did not intend to
commit theft but she offered no explanation as to the facts except that she had
made a mistake.  She couldn=t explain her negotiating large checks from the
county and from a county temporary agency. 
She could not explain the auditor=s records that showed her putting in for work hours
in excess of 24 and significant amounts of duplicate work hours.  I believed that one or more of the
co-defendants would testify that she knew that the time sheets were falsified
and that she was a party to their theft . . . It was my opinion that she could
be characterized as the ringleader or head of the scheme.  Additionally, the grand jury testimony of her
son, nephew, cousin, and co-worker, was strong, credible evidence of her
guilt.  For these reasons, I did not
believe that she would prevail with a defense based on a lack of intent or
knowledge.  Although Ms. Holden stated
that her actions were the result of mistaken conduct, after my assessment, she
told me that she could see how a jury would convict her. . . During the
pre-sentence investigation, Ms. Holden gave the probation officer a written
statement in which she denied acting with intent to commit theft.  I was not present when they met.  I first saw the statement when I received a
copy of the pre-sentence report.  I
recognized that the judge might penalize her for not accepting responsibility
for the crime.  I also advised her that
the Judge might refuse her plea and not go through with her sentence. . . I
counseled with Ms. Holden as to her options in this case.  I used my experience and the evidence in this
case to try to best inform my client.  I
left up to Ms. Holden the decision to plead or take her case to trial.  I at no time coerced her into pleading. 

 

In contrast, appellant stated in her affidavit, in
relevant part

 

I pled no contest without an agreed recommendation
on punishment, and Jon Hughes sentenced me to seven years imprisonment after a
pre-sentence investigation.  I told
[counsel] from the outset of his representation that I did not intend to commit
theft and that any discrepancies . . . were the results of honest
mistakes.  I told him that I wanted to go
to trial, but he said that a jury probably would convict me because the facts
were too complicated to explain.  He did not
tell me that a lack of intent to commit theft was a defense . . . Had he given
me this advice, I would have pled not guilty and gone to trial.  I entered a no contest plea in reliance on
Mr. William=s advice that a jury would convict me if I went to
trial.  I told him that I would not plead
guilty and admit to stealing money that I did not intentionally steal. . .    








 

In analyzing the voluntariness of appellant=s plea and whether her counsel was ineffective, we
note that appellant was admonished in writing.[18]  Appellant signed the admonishments
acknowledging that she understood them and was aware of the consequences of her
plea.[19]  The court also admonished her regarding the
range of punishment for the charge. 
Specifically, appellant initialed the following statements contained in
the AStatements and Waivers@
section of the written admonishments: (1) AI fully consulted with my attorney before entering
this plea;@ (2) AI am totally satisfied with the representation
provided by my counsel and I received effective and competent representation;@ (3)  AI am mentally competent and I understand the nature
of the charge against me;@ (4) "I understand the admonishments of the
trial court set out herein;@ (5) AI fully understand the consequences of my plea
herein, and after having fully consulted with my attorney, request that the
trial court accept said plea;@ and (6) AI have freely, knowingly, and voluntarily executed
this statement in open court with the consent and approval of my
attorney."  Appellant also stated at
a hearing, prior to entering her plea, that she understood the consequences of her
plea.  

Although appellant claims her counsel failed to
inform her regarding the defense of lack of intent, counsel explained in his
affidavit that he counseled her regarding her options  and that in his opinion, the defense would
not be successful because appellant provided an insufficient explanation
regarding the allegations. 








Based on appellant=s
written and oral acknowledgments, counsel=s explanation regarding his strategy, and the lack
of evidence supporting appellant=s arguments, we conclude appellant has failed to
show that her plea was involuntary or that her counsel was ineffective.[20]  Appellant=s
first issue is overruled.

Denial of Motion for New Trial

In her second issue, appellant contends the court erred
in denying her motion for new trial because the court did not allow live
witness testimony at the hearing on her motion for new trial.  Appellant claims that live testimony would
have fully developed Asignificant omissions@ in
trial counsel=s affidavit. 

The standard of review applicable to a trial court=s denial of a motion for new trial is an abuse of discretion.[21]  The only time a trial court=s judgment may be substituted is when a clear abuse
has taken place.[22]
 








           
Rule 21.7 states, in relevant part, A[t]he
court may receive evidence at a hearing on a motion for new trial by affidavit
or otherwise.@[23]  This rule
grants the court discretion in admitting testimony either by affidavit, live
testimony, or both.[24]  "When an accused presents a motion for
new trial raising matters not determinable from the record, upon which the
accused could be entitled to relief, the trial judge abuses his discretion in
failing to hold a hearing."[25]  However, a trial court may decide a motion
for new trial based on sworn pleadings and affidavits admitted in evidence
without hearing oral testimony.[26]   The current appellate rules do not require
the trial court to take live testimony, but simply provide that A[t]he court may receive evidence by affidavit or
otherwise.@[27] 

         Here,
the record shows appellant=s motion for new trial and affidavits were timely
filed.  The record also reflects that the
court held a hearing and considered arguments from both sides along with
affidavits submitted by appellant and her previous trial counsel prior to
rendering its decision.  After
considering arguments from both sides and the affidavits, the court denied
appellant=s motion for new trial.  Although appellant argues that oral testimony
would have developed Asignificant omissions@ in
her previous trial counsel=s affidavit, appellant has not demonstrated facts
that, if true, would have entitled her to a new trial.  Because the record shows that the court held
a hearing and considered arguments and affidavits from both sides prior to
rendering its decision on the motion for new trial, we cannot conclude that the
court abused its discretion.[28]  We overrule appellant=s second issue.

 Incorrect
Judgment Rendered








In her third issue, appellant contends she pleaded
nolo contendere to a second degree felony of theft by a public servant of an
amount under $100,000 but over $20,000.[29]  On appeal, both parties agree that the
judgment inaccurately reflects that she was convicted of a first degree
felony.  Appellant therefore requests
that this Court modify the judgment to appropriately reflect that she was
convicted of a second degree felony of theft by a public servant.  

After reviewing the record, we agree with the
parties= assessment. 
The record shows that appellant pleaded nolo contendere to a second
degree felony.  However, the court=s final judgment incorrectly reflects that she was
convicted of a first degree felony. 
Appellant=s third issue is sustained.  Accordingly, the trial court=s judgment is modified to reflect that appellant was
convicted of a second degree felony.[30]

Conclusion

Having considered appellant=s three issues on appeal, we modify the trial court=s judgment to reflect that appellant was convicted
of a second degree felony, and affirm the judgment as modified.                                                                                               

 

 

_______________________

LINDA REYNA YAÑEZ,

Justice

 

Do not publish.                                              

Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 26th day of August, 2005.

 

 

 

 

 

 











[1] 
See Tex. Pen. Code Ann. '' 31.03(e)(5), 31.03(f)(1) (Vernon
Supp. 2004-05).





[2] 
See Tex R. App. P. 25.2 (a)(2).





[3] 
See Tex. R. App. P. 43.2(b).





[4] 
See Young v. State, 8 S.W.3d 656, 666‑67 (Tex. Crim. App.
2000); Ramirez v. State, 89 S.W.3d 222, 228 (Tex. App.CCorpus Christi 2002, no pet.). 





[5] 
See Martinez v. State, 109 S.W.3d 800, 803 (Tex. App.CCorpus Christi 2003, no pet.).  





[6] 
See Young, 8 S.W.3d at 666‑67.  





[7] 
See Ex parte Battle, 817 S.W.2d 81, 83 (Tex. Crim. App.
1991).  





[8] 
See Perez v. State, 129 S.W.3d 282, 289 (Tex. App.CCorpus Christi 2004, no pet.).





[9] 
See Young, 8 S.W.3d at 666‑67; Perez, 129 S.W.3d at
289.  





[10] 
466 U.S. 668, 687 (1984).





[11] 
See Hill v. Lockhart, 474 U.S. 52, 57 (1985); Ex parte Evans, 690 S.W.2d 274, 276
(Tex. Crim. App. 1985); Gomez v. State, 921 S.W.2d 329, 332 (Tex. App.CCorpus Christi 1996, no pet.).  





[12] 
See Strickland, 466 U.S. at 687; Ex parte Moody, 991
S.W.2d 856, 857‑58 (Tex. Crim. App. 1999).

 





[13] 
See Tex. Code Crim. Proc. Ann. art. 26.13
(Vernon Supp. 2004-05). 





[14] 
See Griffin v. State, 703 S.W.2d 193, 195 (Tex. Crim. App. 1986);
Williams v. State, 522 S.W.2d 483, 485 (Tex. Crim. App. 1975). 





[15] 
See Ex parte Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim. App.
1985); Dorsey v. State, 55 S.W.3d 227, 235 (Tex. App.CCorpus Christi 2001, no pet.).  





[16] 
See Tex. Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2004-05); Dorsey,
55 S.W.3d at 235.  





[17] 
See Ybarra v. State, 93 S.W.3d 922, 925 (Tex. App.CCorpus Christi 2002, no pet.).





[18] 
See Tex. Code Crim. Proc.
Ann  art. 26.13 (Vernon Supp.
2004-05).  





[19] 
See id.  





[20]  See Tex.
Code Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2004-05); Strickland,
466 U.S. at 687; Ex parte Moody, 991 S.W.2d at 857‑58; Dorsey,
55 S.W.3d at 235.  





[21] 
See Hoyos v. State, 951 S.W. 2d 503, 511 (Tex. App.CHouston [14th Dist.] 1997), aff'd, 982 S.W.2d 419
(Tex. Crim. App. 1998).





[22] 
See id.





[23] 
See Tex. R. App. P. 21.7.





[24] 
See Scaggs v. State, 18 S.W.3d 277, 281 (Tex. App.CAustin 2000, pet. ref=d).





[25] 
See Reyes v. State, 849 S.W.2d 812, 816 (Tex. Crim. App. 1993). 





[26] 
See Scaggs,
18 S.W.3d at 281(citing McIntire v. State, 698 S.W.2d 652, 658 (Tex.
Crim. App. 1985)).  





[27] 
See Rivera v. State, 89 S.W.3d 55, 58-59 n.9 (Tex. Crim. App.
2002).





[28] 
See Tex. R. App. P.
21.7; Scaggs, 18 S.W.3d at 281. 





[29] 
See Tex. Pen. Code Ann.'' 31.03 (e)(5), (f)(1) (Vernon Supp.
2004-05).





[30] 
See Tex R. App.P. 43.2(b) (authorizing an appellate
court to modify the trial court=s judgment and affirm it as modified).