Pineda v.SOT

















NUMBER 13-03-00039-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI – EDINBURG
                                                                                                                       

JOHN PHILLIP PINEDA,                                                              Appellant,

v.

THE STATE OF TEXAS,                                                                Appellee.
                                                                                                                       

On appeal from the 178th District Court of Harris County, Texas.
                                                                                                                       

MEMORANDUM OPINION

Before Chief Justice Valdez and Justices Hinojosa and Castillo
Memorandum Opinion by Justice Hinojosa

          Appellant, John Phillip Pineda, was charged by indictment with the offense of
possession of a controlled substance with intent to deliver.


 After a pretrial hearing, the
trial court denied appellant’s motion to suppress the co-defendant’s oral statement and
evidence obtained from that statement. Appellant then pleaded guilty without a plea
agreement. The trial court deferred adjudication and placed appellant on community
supervision for a term of ten years. As a condition of community supervision, the trial court
assessed a $2,000 fine and ordered appellant to serve thirty days in jail. The trial court has
certified that this “is not a plea-bargain case, and the defendant has the right of appeal.”
See Tex. R. App. P. 25.2(d). In his sole point of error, appellant contends the trial court
erred in denying his motion to suppress. We affirm.
A. Factual Background
          On July 25, 2001, Officer Dale Scott Crawford of the Houston Police Department
conducted a narcotics investigation based on information received from a confidential
informant. The informant had ordered and arranged to purchase 300 tablets of Ecstasy
at 4:30 p.m. at the Shell gas station located in west Houston, at the corner of Westheimer
and Beltway 8. The informant told Crawford that two males would be in a red Honda Civic
and gave the name of the co-defendant, Quinsaat. The informant gave Crawford the
license plate number of the vehicle and told him that appellant and the co-defendant would
be in possession of the Ecstasy. This informant had provided information to Crawford on
previous occasions and the information had proved to be credible and reliable. 
          Officers set up surveillance at the Shell station and at approximately 4:30 p.m., a
vehicle matching the description provided by the informant arrived at the station. The
informant walked up to the vehicle and met with the occupants of the vehicle. After
meeting with the occupants, the informant returned to his own vehicle, and both vehicles
left the station. Officer Crawford then called the informant, and the informant advised him
that the Ecstasy tablets were inside the red Honda Civic.
          In an unmarked vehicle, Crawford followed behind until he observed the red Honda
Civic change lanes without signaling. He then notified Officer Jesse Fite of the Houston
Police Department. Officer Fite and Agent Mark Saltarelli of the Immigration and
Naturalization Service were riding in a marked patrol car in the Galleria area as part of the
narcotics investigation when they received Officer Crawford’s call. Crawford gave the
officers a description of the vehicle and told them that it had failed to signal a lane change. 
Fite and Saltarelli were several car lengths behind appellant’s vehicle at the time. Fite
pursued the vehicle and personally observed it moving back and forth between the lanes
of traffic without signaling. Fite then initiated a traffic stop. 
          After Officer Fite stopped the vehicle, he approached the driver’s side of the vehicle,
where he met appellant. Fite asked for and received appellant’s driver’s license and proof
of insurance. At the same time that Fite approached appellant, Saltarelli approached the
passenger side of the vehicle for officer-safety purposes. There, he met co-defendant
Marvin Charles Quinsaat and asked him for identification. Quinsaat handed Saltarelli his
Philippine birth certificate. Saltarelli then asked Quinsaat what his status was in the United
States, and Quinsaat replied that he had come to the United States on a visitor’s visa but
he had overstayed his visa. Saltarelli then placed Quinsaat under arrest for immigration
violation and overstay. Saltarelli did not give Quinsaat his Miranda warnings at that time.
          Upon taking him into custody, Saltarelli asked Quinsaat if he had anything on his
person that Saltarelli needed to know about. Quinsaat said he had 300 tablets of Ecstasy
under the front passenger’s seat of the vehicle. Saltarelli recovered the Ecstasy from
underneath the front passenger’s seat, and appellant and Quinsaat were placed under
arrest for possession of a controlled substance.
B. Standard of Review
          The standard of review for a trial court’s ruling on a motion to suppress is abuse of
discretion. Carmouche v. State, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). The trial
court is the sole trier of fact and judge of the credibility of the witnesses and weight to be
given their testimony, and the reviewing court may not disturb supported findings of fact
absent an abuse of discretion. State v. Ballard, 987 S.W.2d 889, 891 (Tex. Crim. App.
1999). When an appellate court reviews a motion to suppress, it gives great deference to
the trial court’s determination of historical facts when those fact findings involve an
evaluation of the credibility and demeanor of the witnesses. Maestas v. State, 987 S.W.2d
59, 62 (Tex. Crim. App. 1999); Guzman v. State, 955 S.W.2d 85, 89 (Tex. Crim. App.
1997). Mixed questions of law and fact that do not turn on an evaluation of credibility and
demeanor are reviewed de novo. Guzman, 955 S.W.2d at 89. We will sustain the trial
court’s ruling admitting the evidence if the ruling is reasonably supported by the record and
correct on any theory of law applicable to the case. Willover v. State, 70 S.W.3d 841, 845
(Tex. Crim. App. 2002).
C. Motion to Suppress
          In his sole point of error, appellant contends the trial court erred in denying his
motion to suppress Quinsaat‘s oral statement because it was obtained pursuant to an
illegal custodial interrogation, and the evidence discovered during the search of the
appellant’s vehicle was the fruit of the illegally obtained statement. The State asserts that
Quinsaat‘s statement to the officer’s routine question was res gestae to his arrest. In the
alternative, the State argues that based on the information provided by the confidential
informant, probable cause existed to believe Ecstasy was contained in the vehicle,
independent of Quinsaat‘s oral statement.
D. Analysis
          A valid plea of guilty or nolo contendere waives or forfeits the right to appeal a claim
of error only when the judgment of guilt was rendered independent of, and is not supported
by, the error. Young v. State, 8 S.W.3d 656, 667 (Tex. Crim. App. 2000). Where error is
predicated on the denial of a motion to suppress, as here, the judgment is not independent
of the alleged error and is reviewable. See Jordan v. State, 112 S.W.3d 345, 347 (Tex.
App.–Corpus Christi 2003, pet. ref’d); Ramirez v. State, 89 S.W.3d 222, 232 (Tex.
App.–Corpus Christi 2002, no pet.); Guerrero v. State, 64 S.W.3d 436, 440 (Tex.
App.–Waco 2001, no pet.) (per curiam). 
          An accused seeking to suppress evidence on the basis of illegal police conduct
bears the burden of proof to rebut the presumption of proper conduct. See McGee v.
State, 105 S.W.3d 609, 613 (Tex. Crim. App. 2003). The accused may satisfy this burden
by establishing that the police acted without a warrant. Id. The burden then shifts to the
State to either produce evidence of a warrant or prove the reasonableness of the
challenged conduct. Id. If the State produces a warrant, the burden of proof again shifts
to the accused to show the invalidity of the warrant. Russell v. State, 717 S.W.2d 7, 9-10
(Tex. Crim. App. 1986) (op. on reh’g). If the State is unable to produce a warrant, it must
prove reasonableness of the search and seizure. Id. The State may demonstrate
reasonableness by proving probable cause. See McGee, 105 S.W.3d at 613 (noting that
State meets burden in suppression hearing by proving one of statutory exceptions to
warrant requirement contained in article 14.01 of code of criminal procedure). The State
must prove probable cause by a preponderance of the evidence. Perez v. State, 130
S.W.3d 881, 885 (Tex. App.—Corpus Christi 2004, no pet.).
          Whether Quinsaat‘s oral statement was the product of an illegal custodial
interrogation may be determined by resolving whether Saltarelli’s question was
interrogation; and if it was interrogation, whether Quinsaat’s response was relevant to the
question. Statements and evidence obtained as a result of a custodial interrogation are
inadmissible unless the State can prove that procedural safeguards were employed to
prevent self-incrimination. Miranda v. Arizona, 384 U.S. 436, 444 (1966); see Tex. Code
Crim. Proc. Ann. art. 38.22, § 3 (Vernon Supp. 2004). Custodial interrogation means
questioning initiated by law enforcement officers after a person has been taken into
custody or otherwise deprived of his freedom of action in any significant way. Miranda, 384
U.S. at 444.
          Interrogation refers not only to express questioning, but also to any words or actions
on the part of the police – other than those normally attendant to arrest and custody – that
the police should know are reasonably likely to elicit an incriminating response from the
suspect. Jones v. State, 795 S.W.2d 171, 174 (Tex. Crim. App. 1990). Routine questions
incident to arrest, broad general questions, and questions mandated by public-safety
concerns do not constitute interrogation. Id.
          Salteralli testified that he did not give Quinsaat his Miranda rights when he arrested
him and took him into custody. Saltarelli asked Quinsaat if he had anything on his person
that he needed to know about. Saltarelli testified that he generally asks suspects if they
have guns or bombs or anything of that nature on their person. The trial judge found it was
preferable for an officer to ask a suspect this question, which would give the suspect an
opportunity to relinquish anything before being searched. Under these facts, we conclude
that Agent Saltarelli’s question was not interrogation, but a routine question attendant to
arrest and custody. Therefore, we hold that Quinsaat’s oral statement, and evidence
derived from that statement, are not the products of an illegal custodial interrogation.
          Moreover, the police officers had probable cause for a warrantless arrest and search
of appellant’s vehicle independent of Quinsaat’s statement. Probable cause to make the
arrest may arise from information supplied by a confidential informant provided the
information is corroborated. Johnston v. State, 99 S.W.3d 269, 272 (Tex. Crim. App.
2003). Under a totality of the circumstances test, an informant’s veracity, reliability, and
basis of knowledge are relevant in determining whether there is a fair probability that
contraband will be found in a particular location. Rodriguez v. State, 838 S.W.2d 780, 782
(Tex. App.—Corpus Christi 1992, no pet.). One way of proving an informant’s reliability is
to show that the informant has provided truthful information in the past. Id. When an
informant has given reliable and credible information in the past, and all of the details of
the informant’s tip are corroborated except the question of whether the accused was
carrying the controlled substance, the police have probable cause to arrest and search the
accused under the totality of the circumstances test. Whaley v. State, 686 S.W.2d 950,
951 (Tex. Crim. App. 1985).
          Officer Crawford testified that the confidential informant had provided information
to him on previous occasions and this information had proved to be credible and reliable. 
In this case, the informant said he had ordered 300 tablets of Ecstasy from two males. In
addition, he described the location of the drug transaction in detail, i.e., when it would take
place – 4:30 p.m. – and where it would take place – the Shell gas station at the corner of
Westheimer and Beltway 8. He described the make, model, and color of the appellant’s
car and stated that two males would be occupying the car. When Officer Crawford and his
team set up surveillance at the gas station, at approximately the same time that the
transaction was scheduled to take place, a car matching the informant’s description with
two male occupants drove into the gas station. Officer Crawford witnessed the informant
approach the vehicle and talk with appellant and the co-defendant. He then witnessed the
informant and appellant and the co-defendant drive away from the gas station; and after
calling the informant, the informant confirmed that the Ecstasy tablets were in the vehicle.
          Thus, under the totality of the circumstances, we conclude that the information
supplied by the confidential informant was corroborated; giving the officers probable cause
for a warrantless arrest and search of appellant’s vehicle. Accordingly, we hold the trial
court did not err in denying appellant’s motion to suppress. Appellant’s sole point of error
is overruled.
          The judgment of the trial court is affirmed. 

                                                                           FEDERICO G. HINOJOSA
                                                                           Justice


Do not publish. See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and filed this the
22nd day of July, 2004.