Howard Ray JORDAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 13–02–400–CR.

Court of Appeals of Texas, Corpus Christi–Edinburg.

Aug. 14, 2003.

Steven M. Hollis, Hollis & Wilson, Jasper, for Appellant.

Guy James Gray, Crim. Dist. Atty., Kollin Shadle, Asst. Dist. Atty., Patrick O. Hardy, Jasper County D.A. Office, Jasper, for Appellee.

Before Chief Justice VALDEZ and Justices RODRIGUEZ and CASTILLO.

## OPINION

Opinion by Justice CASTILLO.

Appellant Howard Ray Jordan appeals his conviction for indecency with a child.[1] Jordan pleaded guilty to the charge without reaching an agreement with the State about a punishment recommendation. We affirm.

## I. BACKGROUND

On November 14, 2001, the trial court accepted Jordan's guilty plea and postponed sentencing pending completion of a pre-sentence investigation. On June 6, 2002, the trial court sentenced him to twenty years confinement in the Institutional Division of the Texas Department of Criminal Justice and imposed a $10,000.00 fine. In an order dated June 7, 2002, the trial court recited that Jordan appeared in person and by counsel for the sentencing phase of the trial and "persisted in his plea of guilt and at this time was found guilty of the offense as charged."

Initially on appeal, Jordan complained that the lawyer who represented him when

he entered his guilty plea on November 14, 2001 rendered ineffective assistance because of a disqualifying conflict of interest. Jordan asserted that a lawyer associated with his first lawyer represented the father of the victim. The trial court permitted the first lawyer to withdraw and appointed new counsel for Jordan before the sentencing proceeding on June 6, 2002. On appeal, the second appointed lawyer informed this Court that the same conflict of interest applied to his representation of Jordan. We remanded for appointment of new appellate counsel. In a single issue raised on appeal by new appointed appellate counsel, Jordan complains that both the lawyer who represented him when he entered his plea on November 14, 2001 and the lawyer who represented him when he reaffirmed his plea and was sentenced on June 6, 2002 rendered ineffective assistance of counsel because of the conflict of interest.

## II. APPLICABLE APPELLATE RULES

■ On July 2, 2002, Jordan filed a timely notice of appeal generally asserting he was appealing the judgment rendered against him. The rules of appellate procedure governing how appeals proceed in criminal cases were amended effective January 1, 2003. Generally, rules altering procedure do not fall within the prohibition in the Texas Constitution against retroactive application of laws that disturb vested, substantive rights. See TEX. CONST. art. I, § 16; see also Ibarra v. State, 11 S.W.3d 189, 192 (Tex.Crim.App.1999). Therefore, this Court applies the current rules of appellate procedure to this appeal. We may not affirm or reverse a judgment or dismiss an appeal for formal defects or

---

1. TEX. PEN.CODE ANN. § 21.11(a)(2)(B) (Vernon 2003).

irregularities in appellate procedure without allowing a reasonable time to correct or amend the defects or irregularities. TEX.R.APP. P. 44.3. We also are prohibited from affirming or reversing a judgment or dismissing an appeal if the record prevents the proper presentation of an appeal and can be corrected by the trial court. TEX. R.APP. P. 44.4(a). Accordingly, we abated the appeal on July 21, 2003 and ordered a supplemental record to include, in compliance with rule 25.2(a)(2), the trial court's certification of Jordan's right of appeal. *See* TEX.R.APP. P. 25.2(a)(2). We received a supplemental record on August 11, 2003 that includes the trial court's certification of Jordan's right of appeal.

■ We now turn to the merits. Specifically, we determine whether Jordan waived any issues when he pleaded guilty without the benefit of an agreed sentencing recommendation. *See Ramirez v. State*, 89 S.W.3d 222, 228 (Tex.App.-Corpus Christi 2002, no pet.). Waiver by guilty plea occurs "when the judgment of guilt was rendered independent of, and is not supported by, the error." *Ramirez*, 89 S.W.3d at 228 (quoting *Young v. State*, 8 S.W.3d 656, 667 (Tex.Crim.App.2000)).

### III. WAIVER BY GUILTY PLEA

The record and Jordan's brief establish that Jordan twice pleaded guilty to the charged offense. He does not complain on appeal that his guilty plea was involuntary. Rather, he complains that the disqualifying conflict of interest that burdened both of his trial counsel rendered their assistance ineffective. Accordingly, we conclude that *Young* applies to our review of Jordan's claimed ineffective assistance of counsel. *See Ramirez*, 89 S.W.3d at 232 (applying *Young* to *Brady* violation that appellant claimed occurred before plea but came to

light during sentencing hearing). Therefore, we must determine if the judgment of guilt was rendered independent of, and is not supported by, the claimed error. *Young*, 8 S.W.3d at 667; *Ramirez*, 89 S.W.3d at 232. That is, we analyze if the alleged ineffective assistance of counsel has a "direct nexus" with Jordan's guilt or innocence. *See Ramirez*, 89 S.W.3d at 232.

■ The *Young* court held that the judgment in that case was not rendered independent of the alleged error in the trial court's denial of Young's motion to suppress. *Young*, 8 S.W.3d at 667. Other courts also have concluded that where error is predicated on the denial of a motion to suppress, the judgment is not independent of the alleged error. *See, e.g., Guerrero v. State*, 64 S.W.3d 436, 440 (Tex.App.-Waco 2001, no pet.) (per curiam) (applying *Young* to hold that judgment was not independent of denial of motion to suppress allegedly involuntary confession). However, unlike a motion to suppress, which necessarily goes directly to the issue of proof of the defendant's guilt, claimed ineffective assistance of counsel may or may not have a direct nexus with the defendant's guilt or innocence. *Martinez v. State*, 109 S.W.3d 800, 803 (Tex.App.-Corpus Christi 2003, no pet. h.). We assume, without deciding, that both appointed trial counsel were burdened with a disqualifying *conflict of interest*. However, there is no evidence in this record that Jordan would have pleaded not guilty had it not been for his counsel's alleged ineffectiveness. We find that the judgment of guilt was rendered independent of, and is not supported by, the alleged ineffective assistance of counsel claimed by Jordan. *See id.* Accordingly, we hold that Jordan, by pleading guilty

without an agreed punishment recommendation, waived any complaint on direct appeal of ineffective assistance of counsel as a result of any disqualifying conflict of interest. We overrule Jordan's sole issue.[2]

## IV. CONCLUSION

Accordingly, we affirm the judgment of conviction and sentence.

---

**2.** We note that an appellant whose attempt at a direct appeal is unsuccessful because of an undeveloped record is not without a potential remedy. Challenges requiring development of a record to substantiate the claim, such as involuntariness or ineffective assistance of counsel, may be raised in an application for writ of habeas corpus. TEX.CODE CRIM. PROC. ANN. arts. 11.07, 11.08 (Vernon 1977 & Supp. 2003); *see Cooper v. State,* 45 S.W.3d 77, 81 n. 2 (Tex.Crim.App.2001).