NUMBER
13-05-095-CR

 

                                 COURT
OF APPEALS

 

                     THIRTEENTH
DISTRICT OF TEXAS

 

                         CORPUS
CHRISTI - EDINBURG

 

 

 

DAVID SEGOVIA MARTINEZ,                                                          Appellant,

 

                                                             v.

 

STATE OF TEXAS,                                                                            Appellee.

 

 

 

                             On
appeal from the 338th District Court

                                         of
Harris County, Texas.

 

 

 

                              MEMORANDUM
OPINION[1]

 

                                  Before Justices Hinojosa, Yañez and
Castillo

                                       Memorandum
Opinion by Justice Castillo

 








Appellant David Segovia Martinez appeals
his conviction and sentence for delivery of a controlled substance.[2]  Without the benefit of an agreed punishment
recommendation, Martinez pleaded guilty to the charge.  The trial court sentenced him to thirty
years' confinement in the Institutional Division of the Texas Department of
Criminal Justice.  We conclude that
Martinez's appeal is frivolous and without merit.  We affirm.

I. 
BACKGROUND

The trial court has certified that this is
not a plea-bargain case, and Martinez has the right to appeal.  See Tex.
R. App. P. 25.2(a)(2).  A timely
notice of appeal was filed and Martinez's court-appointed appellate counsel
filed a brief in which counsel concluded that the appeal is frivolous and
without merit.  See Anders v.
California, 386 U.S. 738, 744-45 (1967). 
Counsel's certification included that she notified Martinez of his right
to review the appellate record to determine what issues to raise in a
prospective pro se brief. See High v. State, 573 S.W.2d 807, 813 (Tex.
Crim. App. [Panel Op.] 1978).  More than
thirty days have elapsed and Martinez has not requested the record or filed a
pro se brief.  

                                         II.  DISPOSITION

A.  Anders
Brief








Counsel for Lopez filed an Anders
brief and certified:  (1) she diligently
reviewed the entire appellate record; (2) in her opinion, the appeal is frivolous
because the record reflects no reversible error; (3) in her opinion, there are
no grounds on which an appeal can be predicated; (4) she served a copy of the
appellate brief on Martinez at the time of filing; and (5) she informed
Martinez that it is the opinion of counsel that the appeal is without merit,
that Martinez has the right to review the records, and to file a pro se brief
raising any issue on appeal or complaint he may desire.  See Anders, 386 U.S. at 744‑45; Gearhart
v. State, 122 S.W.3d 459, 464 (Tex. App.BCorpus
Christi 2003, pet. ref'd); Ybarra v. State, 93 S.W.3d 922, 924 (Tex.
App.BCorpus Christ 2002, no pet.).  Martinez has not filed a pro se brief.  See McMahon v. State, 529 S.W.2d 771,
772 (Tex. Crim. App. 1975).

Counsel has caused to be provided as part
of the appellate record (1) a reporter's record, and (2) a clerk's record of
the proceedings of each stage of the case, including the initial plea, the
initial sentencing, and the judgment adjudicating guilt.  In the absence of evidence to the contrary,
we presume the regularity of the trial court's judgment and records.  Jones v. State, 77 S.W.3d 819, 822
(Tex. Crim. App. 2002).








An Anders brief must provide
references to both legal precedent and pages in the record to demonstrate why
there are no arguable grounds to be advanced.  High, 573 S.W.2d at 812.  Counsel=s brief does not advance any arguable
grounds of error, but does contain a professional evaluation of the record
demonstrating why, in effect, there are no arguable grounds to be
advanced.  Currie v. State, 516
S.W.2d 684, 684 (Tex. Crim. App. 1974). 
While arguable grounds of error should be advanced by counsel as
required by Anders, if there are any, we do not interpret Anders
as requiring appointed counsel to make arguments counsel would not consider
worthy of inclusion in a brief for a paying client, or to urge reversal if in
fact counsel finds no arguable issue to appeal. 
Id. 

Counsel cites to the record, noting that
Martinez pleaded guilty to the felony indictment and that there were no
apparent irregularities in the plea proceeding requiring reversal.  She adds that the evidence submitted by the
State in support of the plea is sufficient to support the conviction.  Counsel notes that the sentence assessed was
within the range allowed by law, and that there were no apparent irregularities
that would necessitate reversal or other relief based on punishment
evidence.  She points out that Martinez
did not raise any objections during the punishment phase.  With citation to relevant authority, counsel
concludes that there are no reasonably arguable factual or evidentiary issues
disclosed by the record that would amount to reversible error.  

                               B.  Independent Review of the Record

As this is an Anders case, we
independently review the record for error. 
See Penson v. Ohio, 488 U.S. 75, 82-3 (1988). 

                                           1.  The Plea Proceeding








This is not a plea-bargain case.  That is, it is not "a case in which a
defendant's plea was guilty or nolo contendere and the punishment did not
exceed the punishment recommended by the prosecutor and agreed to by the
defendant."  See Tex. R. App. P. 25.2(a)(2).  Thus, we first determine if Martinez waived
any issues when he pleaded guilty to the charged offense.  See Perez v. State, 129 S.W.3d 282,
288 (Tex. App.BCorpus Christi 2004, no pet.).  

                 2.  Scope of Appellate Review Following a Guilty
Plea

          Entered
without the Benefit of a Sentencing Recommendation

Because Martinez pleaded guilty without
the benefit of a sentencing recommendation, he waived the right to appeal any
non‑jurisdictional defects that occurred before the entry of the plea,
other than the voluntariness of his plea. 
See Perez, 129 S.W.3d at 288 (citing Lewis v. State, 911
S.W.2d 1, 4‑5 (Tex. Crim. App. 1995); Broddus v. State, 693 S.W.2d
459, 460‑61 (Tex. Crim. App. 1985)). 
If judgment was not rendered independently of error occurring before
entry of the plea, Martinez may appeal that error.  See Perez, 129 S.W.3d  at 288 (citing Monreal v. State, 99
S.W.3d 615, 619 (Tex. Crim. App. 2003); Young v. State, 8 S.W.3d 656,
666-67 (Tex. Crim. App. 2000); Jordan v. State, 112 S.W.3d 345, 347
(Tex. App.BCorpus Christi 2003, pet. ref'd)).  Therefore, our independent review of the
record is limited to (1) potential jurisdictional defects, (2) the
voluntariness of Martinez's plea, (3) error that is not independent of and
supports the judgment of guilt, and (4) potential error occurring after the
guilty plea.  See Perez, 129
S.W.3d at 288 (citing Hawkins v. State, 112 S.W.3d 340, 344 (Tex. App.BCorpus Christi 2003, no pet.)).  

                                         a.  Jurisdictional Defects








Our review of the record reveals that the
trial court had jurisdiction over the case. 
See Perez, 129 S.W.3d at 289 (citing Tex. Code Crim. Proc. Ann. art. 4.05
(Vernon 2005); Hawkins, 112 S.W.3d at 344).  We find no reversible ground of
jurisdictional error.  

                                                b.  Voluntariness

The record reveals that the trial court
properly admonished Martinez before he pleaded guilty to the offense.  The court inquired of both Martinez and trial
counsel regarding Martinez's competency. 
The record shows that Martinez's plea was knowing and voluntary.  See Perez, 129 S.W.3d at 289
(citing Hawkins, 112 S.W.3d at 344). 
We find no reversible error on voluntariness grounds. 

                             c.  Error Not Independent of Conviction

A guilty plea alone is not sufficient to
support a felony conviction under Texas law. 
Perez, 129 S.W.3d at 289 (citing Brewster v. State, 606
S.W.2d 325, 329 (Tex. Crim. App. 1980)). 
The State still bears the burden of proving the guilt of the defendant
by introducing sufficient evidence to support the conviction.  Perez, 129 S.W.3d at 289 (citing Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005)).








Our independent review of the record
reveals that the State introduced as Exhibit 1, "Waiver of Constitutional
Rights, Agreement to Stipulate and Judicial Confession."  Martinez did not object to the introduction
of this evidence.  When a defendant
pleads guilty or nolo contendere to the charge, such plea constitutes an
admission to every element of the charged offense.  Dees v. State, 676 S.W.2d 403, 404
(Tex. Crim. App. 1984).  Such a plea is
conclusive of the defendant's guilt.  Id.  Further, the following evidence was admitted
without objection at both phases of the proceeding:  (1) a plea, admonishment, waiver memorandum
that contains Martinez's written waivers, and (2) Martinez's voluntary
statement admitting the offense.  We find
no arguable error in the evidentiary support for the judgment of conviction,
nor do we find arguable error regarding the conviction.

                                              d.  Sentencing Error

A sentence outside the maximum or minimum
range of punishment is unauthorized by law and therefore illegal.  Perez,129 S.W.3d at 289 (citing Mizell
v. State, 119 S.W.3d 804, 806 (Tex. Crim. App. 2003)).  Unlike most trial errors which are forfeited
if not timely asserted, a party is not required to make a contemporaneous
objection to the imposition of an illegal sentence.  Perez, 129 S.W.3d at 289 (citing Mizell,
119 S.W.3d at 806 n.6).  Here, however,
the sentence assessed by the trial court was within the statutorily permissible
range and, as discussed above, was based on admissible evidence introduced at
the plea proceeding.  See Perez,
129 S.W.3d at 289 (citing Jordan v. State, 495 S.W.2d 949, 952 (Tex.
Crim. App. 1973)).  Martinez did not
object at sentencing on any basis, including abuse of discretion.  We find he waived any challenge to the
sentence imposed.  See Perez,
129 S.W.3d at 289 (citing Hawkins, 112 S.W.3d at 344-45); see Rhoades
v. State, 934 S.W.2d 113, 120 (Tex. Crim. App. 1996).  We find no arguable error in the sentencing
phase of the plea proceeding.    

  C. 
Conclusion








Accordingly, our independent review of the
record confirms that Martinez's appeal is frivolous.  We conclude that this appeal is without
merit.  We affirm the judgment and
sentence of the trial court.  

                                    D.  Motion to Withdraw

An appellate court may grant counsel's
motion to withdraw filed in connection with an Anders brief.  See Stafford v. State, 813 S.W.2d 503, 511
(Tex. Crim. App. 1991) (noting that Anders brief should be filed with
request for withdrawal from case). Counsel has requested to withdraw from
further representation of Martinez on this appeal.  Moore v. State, 466 S.W.2d 289, 291
n.1 (Tex. Crim. App. 1971).  We grant
counsel's motion to withdraw and order her to advise Martinez promptly of the
disposition of this case and the availability of discretionary review.  See Ex parte Wilson, 956 S.W.2d 25, 27
(Tex. Crim. App. 1997).  

 

ERRLINDA CASTILLO

Justice

 

Do Not Publish.

Tex. R. App. P. 47.2(b).

 

Memorandum Opinion delivered and filed

this 5th day of January, 2006.  

 

 











[1] See Tex. R. App. P. 47.2, 47.4





[2] See Tex. Health & Safety Code Ann. ' 482.002 (Vernon 2003).