NUMBER 13-07-00650-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


 

 

MARK GALINDO, Appellant,


v.


THE STATE OF TEXAS, Appellee.

 


On appeal from the 105th District Court

of Nueces County, Texas.

 


MEMORANDUM OPINION


Before Chief Justice Valdez and Justices Garza and Vela


 Memorandum Opinion by Chief Justice Valdez
 Appellant, Mark Galindo, appeals his conviction for possession with intent to deliver
more than four, but less than two hundred, grams of cocaine, a first-degree felony. See
Tex. Health & Safety Code Ann. § 481.112(a), (d) (Vernon 2003). Galindo was
sentenced to fourteen years' imprisonment. In five issues, which we consider out of order,
Galindo contends that on three instances his trial counsel provided ineffective assistance,
on one instance his appellate counsel provided ineffective assistance, and that his plea
was involuntary. We affirm.

I. Background

A. The Raid

 In the spring of 2007, Corpus Christi police officers were investigating narcotics
trafficking when they received information from a confidential informant that a Hispanic
male, approximately nineteen years old, named "Marcus" was selling cocaine out of his
home. Based upon the confidential informant's information, authorities obtained a warrant
to search the home where Galindo lived. In searching the home, police found Galindo, as
well as three other men, one woman, and a one-year-old child on the premises. The police
also found two individually wrapped rocks of crack cocaine, weighing a total of .58 grams
in a closet in the southeast bedroom, and a total of 13.58 grams of crack cocaine wrapped
in plastic inside a child's jacket and a DVD case in another bedroom. A digital scale, which
contained cocaine residue, was found in the kitchen. Galindo was subsequently arrested. 

 While in custody, Galindo told police that he stayed in the southeast bedroom, and
that he was the owner of the cocaine found in the closet. He also told police that he rented
the home and had a roommate, but he did not know his roommate's name. In July 2007,
Galindo was charged by indictment with possession with intent to deliver more than four,
but less than two hundred, grams of cocaine, a first-degree felony. See id. 

 On September 13, 2007, after being admonished of his rights both in writing and
orally, Galindo entered an open plea of no contest. Judicial confessions and stipulated
evidence were admitted into evidence by the trial court. The trial court then reviewed the
stipulated evidence and concluded that the evidence supported a finding of guilty. The
court then heard testimony from Galindo's high school friend, Jessica Amador.

B. Jessica Amador

 Amador testified that she had known Galindo for approximately six years, that she
saw him every week, and that she knew his fiance. She also testified that Galindo was a 

good person, but that he "sometimes [ ] hangs around with the wrong people." She stated
that Galindo normally kept to himself and did not look for trouble. Amador further testified
that she believed that Galindo would successfully complete a term of probation and that
he no longer spoke to the people he was friends with when he was arrested. She noted 
that Galindo currently had a job at IHOP. Amador was not aware of Galindo dealing drugs,
and when she first heard about him dealing drugs, she "knew that wasn't him, that wasn't
on him."

C. Mark Galindo

 Galindo testified that he became involved with cocaine after his mother kicked him
out of the home during his senior year of high school. Galindo affiliated with people that
he thought were his friends but who were "just using [him] to get what they want in life." 
He had not graduated from high school but wanted to get his G.E.D. Galindo explained
that initially after his arrest he had been in the Divert Court program, (1) but that after he was
re-indicted on July 1, 2007 on a first-degree felony charge, he was no longer eligible to
continue in the program. He stated that because of the program, he had been out of jail
on bail, and had been reporting weekly. He also stated that he had not tested positive for
drugs in any of the six drug tests that he had taken since his release. 

 Galindo conveyed to the court that he was aware of the range of punishment that
the court could impose. Upon questioning by defense counsel, he agreed that: (1)
although he had previously sold drugs, he did not want to do that anymore; (2) he had
never been convicted of a felony before; and (3) he currently had a job. Finally, he
pleaded that the court consider probation.

 On cross-examination, Galindo stated that he did not know the names of the people
that he affiliated with at the time his arrest. He said that he knew them only by nicknames
such as "Fat Boy" or "Chewy." Galindo admitted that he was "caught with over fourteen
grams of cocaine," but stated that only the .58 grams found in the closet were his. On re-direct, Galindo testified that he wanted to plead no contest because he wanted the court
to accept his plea and allow him to get his life together.

 The court then asked Galindo if he admitted to selling cocaine. Galindo responded
affirmatively adding that although he had sold cocaine for five or six months, he had not
sold it out of his home. Galindo also stated that he had used cocaine for two or three
months during the time that he was selling it. When the court asked Galindo why he was
kicked out of school, he explained that he had missed time from school due to problems
that he was having with his parents. He testified that, after teachers, his mom, and many
other people told him that he was going to be kicked out of school for the time he had
missed, he decided to check [him]self out of school" and "then [he] got kicked out . . . for
missing a month [of] school." 

 After hearing the testimony, the trial court sentenced Galindo to fourteen years'
confinement and a $1,400 fine. Galindo asked the court to reconsider, stating that he
wanted a chance to get his life on the right path. The court denied the request.

D. Motion for New Trial

 Upon Galindo's request, the court appointed appellate counsel in an order dated
September 29, 2007. On October 3, 2007, appellate counsel received notice of her
appointment. On October 15, 2007, appellate counsel: (1) filed a timely motion for new
trial, claiming ineffective assistance of trial counsel, see Tex. R. App. P. 21.4(a); (2) filed
a notice of appeal; and (3) requested that a hearing be set on the motion for new trial
before December 21, 2007. A hearing was scheduled for December 12, 2007. At the
hearing, the trial court pointed out that the hearing was not timely because the seventy-fifth
day had already passed on November 27, 2007. See Tex. R. App. P. 21.8(a). This appeal
ensued. The trial court has certified that this is not a plea bargain case, and Galindo has
the right to appeal. See Tex. R. App. P. 25.2(a)(2).

II. Ineffective Assistance of Counsel

A. Standard of Review

 To prevail on a claim of ineffective assistance of counsel, Galindo must prove by a
preponderance of the evidence that: (1) counsel's performance was deficient (i.e., it fell
below an objective standard of reasonableness); and (2) there is a reasonable probability
that, but for counsel's deficiency, the result of the trial would have been different. See
Strickland v. Washington, 466 U.S. 668, 687 (1984); Rylander v. State,101 S.W.3d 107,
110 (Tex. Crim. App. 2003). A reasonable probability is one sufficient to undermine
confidence in the outcome of the proceedings. Thompson v. State, 9 S.W.3d 808, 812
(Tex. Crim. App. 1999). 

 The assessment of whether a defendant received effective assistance of counsel
must be made according to the facts of each case. Ex parte Scott, 581 S.W.2d 181, 182
(Tex. Crim. App. 1979); Stone v. State, 17 S.W.3d 348, 350 (Tex. App.-Corpus Christi
2000, pet. ref'd). An appellant must prove his claim of ineffective assistance of counsel
by a preponderance of the evidence. Stafford v. State, 813 S.W.2d 503, 506 n.1 (Tex.
Crim. App. 1991). Allegations of ineffective assistance of counsel must be firmly founded
in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. 
Thompson, 9 S.W.3d at 813. We may not speculate as to the reasons behind trial
counsel's actions nor should we try to second guess trial counsel's tactical decisions which
do not fall below the objective standard of reasonableness. Young v. State, 991 S.W.2d
835, 837-38 (Tex. Crim. App. 1999) (citing Solis v. State, 792 S.W.2d 95, 100 (Tex. Crim.
App. 1990)). An appellate court's review of defense counsel's representation is highly
deferential, and we presume that counsel's actions fell within the wide range of reasonable
and professional assistance. Bone v. State, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

B. Hearing on Motion for New Trial

 In support of his arguments on appeal, Galindo directs us to evidence developed
at the untimely hearing on his motion for new trial. A trial court must rule on a motion for
new trial within seventy-five days after the trial court imposed sentence in open court. Tex.
R. App. P. 21.8(a). Once the seventy-five day period expires, the motion is deemed
denied. Tex. R. App. P. 21.8(c). Evidence developed at a hearing for new trial conducted
after the seventy-fifth day from imposition of the sentence may not be considered as part
of the appellate record. See Parmer v. State, 38 S.W.3d 661, 667 (Tex. App.-Austin 2000,
pet. ref'd) (finding that facts developed at a hearing on a motion for new trial were not
properly part of the appellate record where the trial court was without jurisdiction to hold
the hearing since more than seventy-five days had passed following the imposition of
defendant's sentence); Laidley v. State, 966 S.W.2d 105, 108 (Tex. App.-Houston [1st
Dist.] 1998, no pet.) (holding that the trial court did not have jurisdiction to rule on a motion
for new trial where the motion had already been deemed overruled by operation of law).

 On September 13, 2007, the trial court sentenced Galindo in open court. Galindo
filed a motion for new trial on October 15, 2007. November 27, 2007 was the end of the
seventy-five day period allowed for the court to rule on the motion for new trial. However,
the trial court did not hold a hearing on the motion for new trial until December 12, 2007;
at this time Galindo's motion for new trial had already been denied by operation of law. 
See Tex. R. App. P. 21.8(c). Because the trial court had no authority to hold the hearing
after the seventy-fifth day, any testimony developed at the December 12 hearing must be
disregarded. See Parmer, 38 S.W.3d at 667; Laidley, 966 S.W.2d at 108.

C. Trial Counsel and Waiver by No Contest Plea 

 In his second and third issues, Galindo contends that his trial counsel was
ineffective because he failed to: (1) conduct an adequate pretrial investigation and file
pretrial motions to enhance Galindo's position; and (2) seek the identity of the confidential
informant. However, after a plea of no-contest, appellate review is limited to: (1)
jurisdictional defects; (2) the voluntariness of the plea; (3) error that is not independent of
and supports the judgment of guilt; and (4) potential error occurring after the guilty plea. 
Perez v. State, 129 S.W.3d 282, 288 (Tex. App.-Corpus Christi 2004, no pet.). 

 The crux of Galindo's argument in issues two and three pertains to events that
occurred prior to the entrance of his no contest plea. (2) Upon the record that is properly
before us, we find no evidence that Galindo would not have pleaded guilty had it not been
for his counsel's alleged ineffectiveness. Without this nexus, we find that the judgment of
guilt was independent of the alleged ineffective assistance of counsel. See Young v. State,
8 S.W.3d 656, 666-67 (Tex. Crim App. 2000) (holding that "a valid plea of . . . nolo
contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment
of guilt was rendered independent of, and is not supported by, the error"). Although any
alleged ineffective assistance of counsel occurred prior to the entrance of Galindo's plea,
his plea was independent of the alleged error. See Jordan v. State, 112 S.W.3d 345,
347-48 (Tex. App.-Corpus Christi 2003, pet. ref'd) (finding that appellant was unable to
prove a direct nexus existed between his plea and counsel's alleged ineffectiveness where
the record did not indicate that he "would have pleaded not guilty had it not been for his
counsel's alleged ineffectiveness"). We hold that Galindo waived his second and third
issues by pleading no contest. See id. 

 In Galindo's fifth issue, he contends that his trial counsel was ineffective for failing
to conduct an adequate punishment investigation or call additional witnesses at
punishment. Since the complained of error occurred after Galindo entered his plea of no
contest, this argument has not been waived. See Perez v. State, 129 S.W.3d 282, 288
(Tex. App.-Corpus Christi 2004, no pet.). However, Galindo's contention of ineffective
assistance during punishment is dependent on testimony developed at the hearing on the
motion for new trial. Having determined that we may not consider this evidence on appeal,
see Parmer, 38 S.W.3d at 667, Galindo's argument is not firmly founded in the record that
is properly before us, and therefore cannot form the basis for his complaint on direct
appeal. See Bone, 77 S.W.3d at 833. We overrule Galindo's fifth issue.

D. Appellate Counsel

 In his first issue, Galindo argues that appellate counsel was ineffective for failing to
obtain a timely hearing on the motion for new trial. Under the first prong of Strickland, as
noted above, in order to succeed in a claim of ineffective assistance of counsel, Galindo
must prove, by a preponderance of the evidence, that appellate counsel's performance
was deficient. See Strickland, 466 U.S. at 687; Rylander, 101 S.W.3d at 110. 

 The record reflects that on October 12, 2007, Galindo's appellate counsel sent a
letter to the trial court stating that Galindo's motion for new trial had been timely filed, and
requesting that the trial court "[p]lease set this motion for hearing at the Court's earliest
convenience, but before December 21, 2007." The trial court set the hearing for December
12, 2007. Thus, appellate counsel requested, and the trial court's coordinator scheduled,
the hearing outside the seventy-five days allowed under Rule 21.8(a) of the Texas Rules
of Appellate Procedure. See Tex. R. App. P. 21.8 (a). However, we need not reach the
issue of whether appellate counsel's failure to obtain a timely hearing was deficient
because even if Galindo is able to satisfy the first prong of Strickland, under this record,
Galindo fails to prove that, but for counsel's errors, the result of the motion for new trial
would have been different. See Strickland, 466 U.S. at 687; Rylander, 101 S.W.3d at 110.

 Although we do not consider the evidence developed at the hearing on the motion
for new trial, we do properly consider the motion for new trial, as it was timely filed. In his
motion, Galindo argued that a new trial should be granted because trial counsel was
ineffective because he: (1) failed to conduct an adequate pretrial investigation; (2) failed
to challenge falsehoods in the affidavit supporting the search warrant; (3) failed to file a
motion seeking the identity of the confidential informant; (4) failed to obtain potentially
exculpatory evidence from the State; and (5) failed to call potentially helpful witnesses at
the punishment phase of the trial. (3) Based on our analysis of each argument, we find it
unlikely that Galindo's motion for new trial would have been granted even if the hearing
had been timely held.

 As discussed earlier, Galindo's plea of no contest waived all non-jurisdictional
defects that occurred before he entered a plea of no contest, other than the voluntariness
of the plea. See Jordan, 112 S.W.3d at 347-48; Perez, 129 S.W.3d at 288. The first four
issues in Galindo's motion for new trial concern actions of counsel prior to his no contest
plea; these issues are accordingly waived as previously discussed. 

 In the fifth issue raised in Galindo's motion for new trial, he argued that counsel was
ineffective because only one witness was called at the punishment phase even though
there were several persons willing to testify. A claim for ineffective assistance of counsel
may not be predicated upon a failure to call witnesses unless appellant shows that such
witnesses were available and that their testimony would have benefitted the appellant. 
King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). Additionally, proffered evidence
must be more than cumulative of other evidence at trial to raise a specter of ineffective
assistance. Holland v. State, 761 S.W.2d 307, 319 (Tex. Crim. App. 1988); Ketchum v.
State, 199 S.W.3d 581, 597 (Tex. App.-Corpus Christi 2006, pet. ref'd). In the absence
of a proper evidentiary record, it is extremely difficult to show that trial counsel's
performance was deficient, and we must presume that his actions were taken as part of
a strategic plan for representing his client. See Rylander, 101 S.W.3d at 110-11.

 Galindo's high school friend, Amador, testified at punishment. Amador stated that
she had known Galindo for several years. She stated that since his arrest, Galindo had
stopped associating with the people who were a negative influence in his life. She also
testified that Galindo was now employed. Galindo testified on his own behalf and told of
the troubled home life that he believed led him to become involved with cocaine. He also
testified that he wished to turn his life around. In his motion for new trial, Galindo stated
that there were several persons who were willing to testify about his employment, troubled
home life, and efforts to turn his life around. Even taking as true the assertions in
Galindo's motion, there is no indication that his trial attorney's failure to call additional
witnesses was anything other than trial strategy, see Young, 991 S.W.2d at 837-38, or that
the anticipated testimony at the hearing would be more than cumulative or comparable
testimony, see Holland, 701 S.W.2d at 319. 

 After a thorough review of the record, we find that Galindo has failed to meet his
burden to show that the motion for new trial would have been granted but for appellate
counsel's failure to obtain a timely hearing. Accordingly, we overrule Galindo's first issue.

III. Voluntariness of Plea
 In Galindo's fourth issue, he argues that his plea of no contest was unknowing and
involuntary because: (1) he and his family were threatened with harm if he did not plead
no contest; (2) he did not receive effective assistance of counsel prior to his entry of the
plea; and (3) trial counsel knew that he had been threatened and did not address the issue
with the trial court to ensure his plea was truly voluntary.

A. Standard of Review

 Before accepting a plea of guilty or no contest, article 26.13 of the Texas Code of
Criminal Procedure requires a trial court to admonish the defendant as to the range of
punishment, as well as to other consequences of the plea. See Tex. Code Crim. Proc.
Ann. art. 26.13(a) (Vernon 2009); Pena v. State, 132 S.W.3d 663, 665 (Tex. App.-Corpus
Christi 2004, no pet.). When the record shows that the trial court gave an admonishment,
there is a prima facie showing of a knowing and voluntary plea of guilty. Pena, 132 S.W.3d
at 666 (citing Martinez v. State, 981 S.W.2d 195, 197 (Tex. Crim App. 1998); Ex parte
Gibauitch, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985) (per curiam); Dorsey v. State, 55
S.W.3d 227, 235 (Tex. App.-Corpus Christi 2001, no pet.)). The burden then shifts to the
defendant to show that he pleaded guilty without understanding the consequences of his
plea and, consequently, suffered harm. Id. 

 When an appellant challenges the voluntariness of his plea on the basis of
ineffective assistance of counsel, we review "(1) whether counsel's advice was within the
range of competence demanded of attorneys in criminal cases and if not, (2) whether there
is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty
and would have insisted on going to trial." Ex Parte Morrow, 952 S.W.2d 530, 536 (Tex.
Crim. App. 1997). In reviewing the voluntariness of a defendant's guilty plea, we examine
the record as a whole. Pena, 132 S.W.3d at 666 (citing Martinez, 981 S.W.2d at 197; Ex
parte Gibauitch, 688 S.W.2d at 871; Dorsey, 55 S.W.3d at 235. Once a defendant has
pleaded guilty and attested to the voluntary nature of his plea, he bears a heavy burden
at a subsequent hearing to demonstrate a lack of voluntariness. Id. 

B. Analysis

 Written admonishments were given to Galindo, which Galindo signed and initialed,
and trial counsel signed. The admonishments stated that Galindo: (1) had time to talk to
his lawyer and discuss any possible defenses; (2) was satisfied with his trial counsel's
representation; (3) had read the court's written admonishments and understood them; (4)
freely and voluntarily signed the document; (5) understood that by doing so he was giving
up valuable rights; and (6) understood the range of punishment for the offense charged. 

 The record before us indicates a voluntary plea, and we find nothing which supports
Galindo's contention that his plea was involuntary. Galindo's signature on the written
admonishments constituted his representation to the trial court that his plea was made
freely and voluntarily and that he had not been threatened into making the plea. His written
and oral statements demonstrate that he understood the charges against him, had
consulted with counsel, and entered his plea without being threatened. There is nothing
in the record to contradict these statements. 

 In addressing Galindo's argument that his plea was involuntary due to ineffective
assistance of trial counsel, we do not address whether counsel acted within the necessary
range of competence because Galindo fails to establish a reasonable probability that he
would have withdrawn his plea but for trial counsel's alleged errors. See Ex parte Morrow,
952 S.W.2d at 536. Although testimony could have been taken at the hearing on the
motion for new trial that might support Galindo's argument that he was threatened or that
he received ineffective assistance of counsel, it is not properly before us. See Parmer, 38
S.W.3d at 667; Laidley, 966 S.W.2d at 108; see also Kober v. State, 988 S.W.2d 230, 232-33 (Tex. Crim. App. 1999) (noting "[s]ome possibility that an error might affect the
proceedings is insufficient to show prejudice"). 

 We hold that Galindo has not met his heavy burden to show that he did not enter
his plea knowingly and voluntarily. See Pena, 132 S.W.3d at 666. All issues presenting
the issue of voluntariness are therefore overruled.

IV. Conclusion


 Having found that Galindo waived his second and third issues, and having overruled
all remaining issues, we affirm the judgment of conviction and sentence of the trial court.

 ____________________

 ROGELIO VALDEZ

 Chief Justice 


Do Not Publish. Tex. R. App. P. 47.2(b)

Memorandum Opinion delivered and 

filed this the 23rd day of April, 2009. 


1. Divert Court is a program that focuses on diverting individuals with minor drug offenses away from
prison.
2. In issues two and three Galindo argues only that trial counsel's assistance was ineffective; he does
not contest the voluntariness of his plea.
3. In his motion for new trial, Galindo also argues that his plea was not entered knowingly and
voluntarily because trial counsel's assistance was ineffective. In the interest of clarity, discussion of this issue
is found in the following section.