

## NUMBER 13-07-00650-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

---

**MARK GALINDO,**                                                                               **Appellant,**

**v.**

**THE STATE OF TEXAS,**                                                                        **Appellee.**

---

### On appeal from the 105th District Court
### of Nueces County, Texas.

---

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Garza and Vela
Memorandum Opinion by Chief Justice Valdez**

Appellant, Mark Galindo, appeals his conviction for possession with intent to deliver more than four, but less than two hundred, grams of cocaine, a first-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.112(a), (d) (Vernon 2003). Galindo was sentenced to fourteen years' imprisonment. In five issues, which we consider out of order, Galindo contends that on three instances his trial counsel provided ineffective assistance,

on one instance his appellate counsel provided ineffective assistance, and that his plea was involuntary. We affirm.

## I. BACKGROUND

### A. The Raid

In the spring of 2007, Corpus Christi police officers were investigating narcotics trafficking when they received information from a confidential informant that a Hispanic male, approximately nineteen years old, named "Marcus" was selling cocaine out of his home. Based upon the confidential informant's information, authorities obtained a warrant to search the home where Galindo lived. In searching the home, police found Galindo, as well as three other men, one woman, and a one-year-old child on the premises. The police also found two individually wrapped rocks of crack cocaine, weighing a total of .58 grams in a closet in the southeast bedroom, and a total of 13.58 grams of crack cocaine wrapped in plastic inside a child's jacket and a DVD case in another bedroom. A digital scale, which contained cocaine residue, was found in the kitchen. Galindo was subsequently arrested.

While in custody, Galindo told police that he stayed in the southeast bedroom, and that he was the owner of the cocaine found in the closet. He also told police that he rented the home and had a roommate, but he did not know his roommate's name. In July 2007, Galindo was charged by indictment with possession with intent to deliver more than four, but less than two hundred, grams of cocaine, a first-degree felony. *See id.*

On September 13, 2007, after being admonished of his rights both in writing and orally, Galindo entered an open plea of no contest. Judicial confessions and stipulated evidence were admitted into evidence by the trial court. The trial court then reviewed the stipulated evidence and concluded that the evidence supported a finding of guilty. The

2

court then heard testimony from Galindo's high school friend, Jessica Amador.

**B.    Jessica Amador**

Amador testified that she had known Galindo for approximately six years, that she saw him every week, and that she knew his fiance. She also testified that Galindo was a good person, but that he "sometimes [ ] hangs around with the wrong people." She stated that Galindo normally kept to himself and did not look for trouble. Amador further testified that she believed that Galindo would successfully complete a term of probation and that he no longer spoke to the people he was friends with when he was arrested. She noted that Galindo currently had a job at IHOP. Amador was not aware of Galindo dealing drugs, and when she first heard about him dealing drugs, she "knew that wasn't him, that wasn't on him."

**C.    Mark Galindo**

Galindo testified that he became involved with cocaine after his mother kicked him out of the home during his senior year of high school. Galindo affiliated with people that he thought were his friends but who were "just using [him] to get what they want in life." He had not graduated from high school but wanted to get his G.E.D. Galindo explained that initially after his arrest he had been in the Divert Court program,[1] but that after he was re-indicted on July 1, 2007 on a first-degree felony charge, he was no longer eligible to continue in the program. He stated that because of the program, he had been out of jail on bail, and had been reporting weekly. He also stated that he had not tested positive for drugs in any of the six drug tests that he had taken since his release.

---

[1] Divert Court is a program that focuses on diverting individuals with minor drug offenses away from prison.

3

Galindo conveyed to the court that he was aware of the range of punishment that the court could impose. Upon questioning by defense counsel, he agreed that: (1) although he had previously sold drugs, he did not want to do that anymore; (2) he had never been convicted of a felony before; and (3) he currently had a job. Finally, he pleaded that the court consider probation.

On cross-examination, Galindo stated that he did not know the names of the people that he affiliated with at the time his arrest. He said that he knew them only by nicknames such as "Fat Boy" or "Chewy." Galindo admitted that he was "caught with over fourteen grams of cocaine," but stated that only the .58 grams found in the closet were his. On re-direct, Galindo testified that he wanted to plead no contest because he wanted the court to accept his plea and allow him to get his life together.

The court then asked Galindo if he admitted to selling cocaine. Galindo responded affirmatively adding that although he had sold cocaine for five or six months, he had not sold it out of his home. Galindo also stated that he had used cocaine for two or three months during the time that he was selling it. When the court asked Galindo why he was kicked out of school, he explained that he had missed time from school due to problems that he was having with his parents. He testified that, after teachers, his mom, and many other people told him that he was going to be kicked out of school for the time he had missed, he decided to check [him]self out of school" and "then [he] got kicked out . . . for missing a month [of] school."

After hearing the testimony, the trial court sentenced Galindo to fourteen years' confinement and a $1,400 fine. Galindo asked the court to reconsider, stating that he

4

wanted a chance to get his life on the right path.  The court denied the request.

**D.      Motion for New Trial**

Upon Galindo's request, the court appointed appellate counsel in an order dated September 29, 2007.  On October 3, 2007, appellate counsel received notice of her appointment.  On October 15, 2007, appellate counsel: (1) filed a timely motion for new trial, claiming ineffective assistance of trial counsel, *see* TEX. R. APP. P. 21.4(a); (2) filed a notice of appeal; and (3) requested that a hearing be set on the motion for new trial before December 21, 2007.  A hearing was scheduled for December 12, 2007.  At the hearing, the trial court pointed out that the hearing was not timely because the seventy-fifth day had already passed on November 27, 2007.  *See* TEX. R. APP. P. 21.8(a).  This appeal ensued.  The trial court has certified that this is not a plea bargain case, and Galindo has the right to appeal.  *See* TEX. R. APP. P. 25.2(a)(2).

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

**A.      Standard of Review**

To prevail on a claim of ineffective assistance of counsel, Galindo must prove by a preponderance of the evidence that:  (1) counsel's performance was deficient (i.e., it fell below an objective standard of reasonableness); and (2) there is a reasonable probability that, but for counsel's deficiency, the result of the trial would have been different.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Rylander v. State*,101 S.W.3d 107, 110 (Tex. Crim. App. 2003).  A reasonable probability is one sufficient to undermine confidence in the outcome of the proceedings.  *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999).

5

The assessment of whether a defendant received effective assistance of counsel must be made according to the facts of each case. *Ex parte Scott*, 581 S.W.2d 181, 182 (Tex. Crim. App. 1979); *Stone v. State*, 17 S.W.3d 348, 350 (Tex. App.–Corpus Christi 2000, pet. ref'd). An appellant must prove his claim of ineffective assistance of counsel by a preponderance of the evidence. *Stafford v. State*, 813 S.W.2d 503, 506 n.1 (Tex. Crim. App. 1991). Allegations of ineffective assistance of counsel must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson*, 9 S.W.3d at 813. We may not speculate as to the reasons behind trial counsel's actions nor should we try to second guess trial counsel's tactical decisions which do not fall below the objective standard of reasonableness. *Young v. State*, 991 S.W.2d 835, 837-38 (Tex. Crim. App. 1999) (citing *Solis v. State*, 792 S.W.2d 95, 100 (Tex. Crim. App. 1990)). An appellate court's review of defense counsel's representation is highly deferential, and we presume that counsel's actions fell within the wide range of reasonable and professional assistance. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002).

**B.      Hearing on Motion for New Trial**

In support of his arguments on appeal, Galindo directs us to evidence developed at the untimely hearing on his motion for new trial. A trial court must rule on a motion for new trial within seventy-five days after the trial court imposed sentence in open court. TEX. R. APP. P. 21.8(a). Once the seventy-five day period expires, the motion is deemed denied. TEX. R. APP. P. 21.8(c). Evidence developed at a hearing for new trial conducted after the seventy-fifth day from imposition of the sentence may not be considered as part of the appellate record. *See Parmer v. State*, 38 S.W.3d 661, 667 (Tex. App.–Austin 2000,

6

pet. ref'd) (finding that facts developed at a hearing on a motion for new trial were not properly part of the appellate record where the trial court was without jurisdiction to hold the hearing since more than seventy-five days had passed following the imposition of defendant's sentence); *Laidley v. State*, 966 S.W.2d 105, 108 (Tex. App.–Houston [1st Dist.] 1998, no pet.) (holding that the trial court did not have jurisdiction to rule on a motion for new trial where the motion had already been deemed overruled by operation of law).

On September 13, 2007, the trial court sentenced Galindo in open court. Galindo filed a motion for new trial on October 15, 2007. November 27, 2007 was the end of the seventy-five day period allowed for the court to rule on the motion for new trial. However, the trial court did not hold a hearing on the motion for new trial until December 12, 2007; at this time Galindo's motion for new trial had already been denied by operation of law. *See* Tex. R. App. P. 21.8(c). Because the trial court had no authority to hold the hearing after the seventy-fifth day, any testimony developed at the December 12 hearing must be disregarded. *See Parmer*, 38 S.W.3d at 667; *Laidley*, 966 S.W.2d at 108.

## C.    Trial Counsel and Waiver by No Contest Plea

In his second and third issues, Galindo contends that his trial counsel was ineffective because he failed to: (1) conduct an adequate pretrial investigation and file pretrial motions to enhance Galindo's position; and (2) seek the identity of the confidential informant. However, after a plea of no-contest, appellate review is limited  to:  (1) jurisdictional defects; (2) the voluntariness of the plea; (3) error that is not independent of and supports the judgment of guilt; and (4) potential error occurring after the guilty plea. *Perez v. State*, 129 S.W.3d 282, 288 (Tex. App.–Corpus Christi 2004, no pet.).

7

The crux of Galindo's argument in issues two and three pertains to events that occurred prior to the entrance of his no contest plea.[2] Upon the record that is properly before us, we find no evidence that Galindo would not have pleaded guilty had it not been for his counsel's alleged ineffectiveness. Without this nexus, we find that the judgment of guilt was independent of the alleged ineffective assistance of counsel. *See Young v. State*, 8 S.W.3d 656, 666-67 (Tex. Crim App. 2000) (holding that "a valid plea of . . . nolo contendere 'waives' or forfeits the right to appeal a claim of error only when the judgment of guilt was rendered independent of, and is not supported by, the error"). Although any alleged ineffective assistance of counsel occurred prior to the entrance of Galindo's plea, his plea was independent of the alleged error. *See Jordan v. State*, 112 S.W.3d 345, 347-48 (Tex. App.–Corpus Christi 2003, pet. ref'd) (finding that appellant was unable to prove a direct nexus existed between his plea and counsel's alleged ineffectiveness where the record did not indicate that he "would have pleaded not guilty had it not been for his counsel's alleged ineffectiveness"). We hold that Galindo waived his second and third issues by pleading no contest. *See id.*

In Galindo's fifth issue, he contends that his trial counsel was ineffective for failing to conduct an adequate punishment investigation or call additional witnesses at punishment. Since the complained of error occurred after Galindo entered his plea of no contest, this argument has not been waived. *See Perez v. State*, 129 S.W.3d 282, 288 (Tex. App.–Corpus Christi 2004, no pet.). However, Galindo's contention of ineffective assistance during punishment is dependent on testimony developed at the hearing on the

_____

[2] In issues two and three Galindo argues only that trial counsel's assistance was ineffective; he does not contest the voluntariness of his plea.

8

motion for new trial. Having determined that we may not consider this evidence on appeal, *see Parmer*, 38 S.W.3d at 667, Galindo's argument is not firmly founded in the record that is properly before us, and therefore cannot form the basis for his complaint on direct appeal. *See Bone*, 77 S.W.3d at 833. We overrule Galindo's fifth issue.

## D. Appellate Counsel

In his first issue, Galindo argues that appellate counsel was ineffective for failing to obtain a timely hearing on the motion for new trial. Under the first prong of *Strickland*, as noted above, in order to succeed in a claim of ineffective assistance of counsel, Galindo must prove, by a preponderance of the evidence, that appellate counsel's performance was deficient. *See Strickland*, 466 U.S. at 687; *Rylander*, 101 S.W.3d at 110.

The record reflects that on October 12, 2007, Galindo's appellate counsel sent a letter to the trial court stating that Galindo's motion for new trial had been timely filed, and requesting that the trial court "[p]lease set this motion for hearing at the Court's earliest convenience, but before December 21, 2007." The trial court set the hearing for December 12, 2007. Thus, appellate counsel requested, and the trial court's coordinator scheduled, the hearing outside the seventy-five days allowed under Rule 21.8(a) of the Texas Rules of Appellate Procedure. *See* Tex. R. App. P. 21.8 (a). However, we need not reach the issue of whether appellate counsel's failure to obtain a timely hearing was deficient because even if Galindo is able to satisfy the first prong of *Strickland*, under this record, Galindo fails to prove that, but for counsel's errors, the result of the motion for new trial would have been different. *See Strickland*, 466 U.S. at 687; *Rylander*, 101 S.W.3d at 110.

Although we do not consider the evidence developed at the hearing on the motion

9

for new trial, we do properly consider the motion for new trial, as it was timely filed. In his motion, Galindo argued that a new trial should be granted because trial counsel was ineffective because he: (1) failed to conduct an adequate pretrial investigation; (2) failed to challenge falsehoods in the affidavit supporting the search warrant; (3) failed to file a motion seeking the identity of the confidential informant; (4) failed to obtain potentially exculpatory evidence from the State; and (5) failed to call potentially helpful witnesses at the punishment phase of the trial.[3] Based on our analysis of each argument, we find it unlikely that Galindo's motion for new trial would have been granted even if the hearing had been timely held.

As discussed earlier, Galindo's plea of no contest waived all non-jurisdictional defects that occurred before he entered a plea of no contest, other than the voluntariness of the plea. *See Jordan*, 112 S.W.3d at 347-48; *Perez*, 129 S.W.3d at 288. The first four issues in Galindo's motion for new trial concern actions of counsel prior to his no contest plea; these issues are accordingly waived as previously discussed.

In the fifth issue raised in Galindo's motion for new trial, he argued that counsel was ineffective because only one witness was called at the punishment phase even though there were several persons willing to testify. A claim for ineffective assistance of counsel may not be predicated upon a failure to call witnesses unless appellant shows that such witnesses were available and that their testimony would have benefitted the appellant. *King v. State*, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). Additionally, proffered evidence must be more than cumulative of other evidence at trial to raise a specter of ineffective

---

[3] In his motion for new trial, Galindo also argues that his plea was not entered knowingly and voluntarily because trial counsel's assistance was ineffective. In the interest of clarity, discussion of this issue is found in the following section.

assistance. *Holland v. State*, 761 S.W.2d 307, 319 (Tex. Crim. App. 1988); *Ketchum v. State*, 199 S.W.3d 581, 597 (Tex. App.–Corpus Christi 2006, pet. ref'd). In the absence of a proper evidentiary record, it is extremely difficult to show that trial counsel's performance was deficient, and we must presume that his actions were taken as part of a strategic plan for representing his client. *See Rylander*, 101 S.W.3d at 110-11.

Galindo's high school friend, Amador, testified at punishment. Amador stated that she had known Galindo for several years. She stated that since his arrest, Galindo had stopped associating with the people who were a negative influence in his life. She also testified that Galindo was now employed. Galindo testified on his own behalf and told of the troubled home life that he believed led him to become involved with cocaine. He also testified that he wished to turn his life around. In his motion for new trial, Galindo stated that there were several persons who were willing to testify about his employment, troubled home life, and efforts to turn his life around. Even taking as true the assertions in Galindo's motion, there is no indication that his trial attorney's failure to call additional witnesses was anything other than trial strategy, *see Young*, 991 S.W.2d at 837-38, or that the anticipated testimony at the hearing would be more than cumulative or comparable testimony, *see Holland*, 701 S.W.2d at 319.

After a thorough review of the record, we find that Galindo has failed to meet his burden to show that the motion for new trial would have been granted but for appellate counsel's failure to obtain a timely hearing. Accordingly, we overrule Galindo's first issue.

### III. VOLUNTARINESS OF PLEA

In Galindo's fourth issue, he argues that his plea of no contest was unknowing and

11

involuntary because: (1) he and his family were threatened with harm if he did not plead no contest; (2) he did not receive effective assistance of counsel prior to his entry of the plea; and (3) trial counsel knew that he had been threatened and did not address the issue with the trial court to ensure his plea was truly voluntary.

## A. Standard of Review

Before accepting a plea of guilty or no contest, article 26.13 of the Texas Code of Criminal Procedure requires a trial court to admonish the defendant as to the range of punishment, as well as to other consequences of the plea. *See* TEX. CODE CRIM. PROC. ANN. art. 26.13(a) (Vernon 2009); *Pena v. State*, 132 S.W.3d 663, 665 (Tex. App.–Corpus Christi 2004, no pet.). When the record shows that the trial court gave an admonishment, there is a prima facie showing of a knowing and voluntary plea of guilty. *Pena*, 132 S.W.3d at 666 (citing *Martinez v. State*, 981 S.W.2d 195, 197 (Tex. Crim App. 1998); *Ex parte Gibauitch*, 688 S.W.2d 868, 871 (Tex. Crim. App. 1985) (per curiam); *Dorsey v. State*, 55 S.W.3d 227, 235 (Tex. App.–Corpus Christi 2001, no pet.)). The burden then shifts to the defendant to show that he pleaded guilty without understanding the consequences of his plea and, consequently, suffered harm. *Id.*

When an appellant challenges the voluntariness of his plea on the basis of ineffective assistance of counsel, we review "(1) whether counsel's advice was within the range of competence demanded of attorneys in criminal cases and if not, (2) whether there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Ex Parte Morrow*, 952 S.W.2d 530, 536 (Tex. Crim. App. 1997). In reviewing the voluntariness of a defendant's guilty plea, we examine

12

the record as a whole. *Pena*, 132 S.W.3d at 666 (citing *Martinez*, 981 S.W.2d at 197; *Ex parte Gibauitch*, 688 S.W.2d at 871; *Dorsey*, 55 S.W.3d at 235. Once a defendant has pleaded guilty and attested to the voluntary nature of his plea, he bears a heavy burden at a subsequent hearing to demonstrate a lack of voluntariness. *Id.*

**B. Analysis**

Written admonishments were given to Galindo, which Galindo signed and initialed, and trial counsel signed. The admonishments stated that Galindo: (1) had time to talk to his lawyer and discuss any possible defenses; (2) was satisfied with his trial counsel's representation; (3) had read the court's written admonishments and understood them; (4) freely and voluntarily signed the document; (5) understood that by doing so he was giving up valuable rights; and (6) understood the range of punishment for the offense charged.

The record before us indicates a voluntary plea, and we find nothing which supports Galindo's contention that his plea was involuntary. Galindo's signature on the written admonishments constituted his representation to the trial court that his plea was made freely and voluntarily and that he had not been threatened into making the plea. His written and oral statements demonstrate that he understood the charges against him, had consulted with counsel, and entered his plea without being threatened. There is nothing in the record to contradict these statements.

In addressing Galindo's argument that his plea was involuntary due to ineffective assistance of trial counsel, we do not address whether counsel acted within the necessary range of competence because Galindo fails to establish a reasonable probability that he would have withdrawn his plea but for trial counsel's alleged errors. *See Ex parte Morrow*,

952 S.W.2d at 536.  Although testimony could have been taken at the hearing on the motion for new trial that might support Galindo's argument that he was threatened or that he received ineffective assistance of counsel, it is not properly before us.  *See Parmer*, 38 S.W.3d at 667; *Laidley*, 966 S.W.2d at 108; *see also Kober v. State*, 988 S.W.2d 230, 232-33 (Tex. Crim. App. 1999) (noting "[s]ome possibility that an error might affect the proceedings is insufficient to show prejudice").

We hold that Galindo has not met his heavy burden to show that he did not enter his plea knowingly and voluntarily.  *See Pena*, 132 S.W.3d at 666.  All issues presenting the issue of voluntariness are therefore overruled.

## IV. CONCLUSION

Having found that Galindo waived his second and third issues, and having overruled all remaining issues, we affirm the judgment of conviction and sentence of the trial court.

_____
ROGELIO VALDEZ
Chief Justice


Do Not Publish. TEX. R. APP. P. 47.2(b)
Memorandum Opinion delivered and
filed this the 23rd day of April, 2009.

14